Veazie v. Parker.

SAMUEL VEAZIE & *al.* *versus* RUFUS P. PARKER.

An attachment of all the debtor's "right, title, and interest in and to any real estate in the County of P." is valid, and sufficient to hold all his real estate within the county, subject to attachment in that suit.

And such language is effectual to create an attachment of the estate, when the debtor has made a conveyance of his title to another person, but the deed has not been recorded.

Where the tenant, who received a deed from the debtor prior to the attachment, but did not record it until afterwards, gave back a mortgage to his grantor at the same time, and this mortgage was recorded before the attachment, the record of the mortgage cannot be considered as notice of the unrecorded deed.

When the person in possession is other than the grantee, it is necessary that there should be a visible change which should indicate to others that there had been a sale, to have the effect of giving notice to a subsequent purchaser or attaching creditor. Therefore where one, who had been a tenant of the grantor before the giving of the unrecorded deed, attorned to the grantee at the time it was given, and remained in possession afterwards until after the attachment, such possession cannot furnish notice of the conveyance.

WRIT of entry. Statement of facts by the parties. From this statement, it appeared, that both parties claim under Joel Hills. The title of the demandants was by deed from the Casco Bank, March 1, 1839; and the title of the bank was by virtue of an attachment of all right, title and interest which Hills had to any real estate in the County of Penobscot, wherein the land lies, made on Jan. 25, 1836, on a writ in favor of the bank against Hills and others; and a due and seasonable levy of their execution on the demanded premises, Dec. 22, 1838, and a seasonable record thereof.

The tenant claimed under a deed from Hills bearing date November 16, 1835, recorded July 13, 1837. On the same

day the deed was made, Parker mortgaged back the premises to Hills, and this mortgage was recorded on that day, and has not yet been discharged.

Hills never occupied the premises, consisting of a dwelling-house and small tract of land, personally, and one Stewart was in possession as his tenant prior to the date of the deed to Parker. " At the time of said conveyance said Stewart attorned to the defendant." " Previous to the attachment, the defendant hauled timber for a barn frame upon the premises which, subsequent to the attachment, was by him erected." Sometime after the attachment Parker moved into the house, and occupied it personally until after the commencement of this action.

It was agreed, that the Court might render such judgment, as in their opinion would be conformable to law, on the statement of facts.

*Cutting* argued for the demandants, contending: That a general attachment was sufficient. It is not necessary, that the lots of land attached should be particularly described. The record title is the title intended in attachments.

The demandants have the record title. The recording of the mortgage is not notice to us. After tracing the title on the records into Hills, we have nothing to do, but to ascertain whether he had conveyed, when we made our attachment. *Connecticut* v. *Bradish*, 14 Mass. R. 296; *Trull* v. *Bigelow*, 16 Mass. R. 406.

The burthen of proof is on the tenant to show implied notice of the conveyance from Hills to him. The facts stated in the case are wholly insufficient for that purpose. The facts must be such as to leave no reasonable doubt of a conveyance. *M'Mechan* v. *Griffing*, 3 Pick. 149; *Norcross* v. *Widgery*, 2 Mass. R. 508; *Lawrence* v. *Tucker*, 7 Greenl. 195; *Hewes* v. *Wiswell*, 8 Greenl. 94.

*Hobbs* argued for the tenant, contending, among other grounds, that the Casco Bank, as attaching creditor, was in no better situation than a grantee at the time of the attachment.

*Kent* v. *Plummer,* 7 Greenl. 464; *Brown* v. *Maine Bank,* 11 Mass. R. 153; *Priest* v. *Rice,* 1 Pick. 164.

By a deed with this description, the grantee would have taken nothing but what property Hills had in the premises at the time the deed was executed. *Adams* v. *Cuddy,* 13 Pick. 460; *Blanchard* v. *Colburn,* 16 Mass. R. 345.

The bank was bound to take notice of all the records, and by examining them, there would have been found a deed of mortgage, recorded before the attachment, showing that a conveyance had been made by Hills to Parker. 2 Hilliard's Abr. 427; *Newhall* v. *Burt,* 7 Pick. 157; *Newhall* v. *Pierce,* 5 Pick. 450; *Trull* v. *Bigelow,* 16 Mass. R. 406; 15 Wend. 588.

There was sufficient notice of the deed by Hills to Parker. All that is necessary is, that there should be sufficient facts and circumstances to put a prudent man upon his guard. *Farnsworth* v. *Child,* 4 Mass. R. 636; *Porter* v. *Cole,* 4 Greenl. 20; *Prescott* v. *Heard,* 10 Mass. R. 60; *Dudley* v. *Sumner,* 5 Mass. R. 438; Newland's Eq. 511; 1 Story's Eq. § 397, 400.

This case was argued at June Term, 1842, and the opinion of the Court was delivered at Oct. Term, 1843, as drawn up by

SHEPLEY J. — It appears from the case agreed, that Joel Hills, on the 16th November, 1835, conveyed the premises to the tenant by a deed, which was not recorded until the 13th July, 1837. And that the tenant on the same 16th of November, re-conveyed the same to Hills in mortgage, which was recorded on the same day. On the 25th of January, 1836, the Casco Bank caused all right, title and interest, which they or either of them have to any real estate in the county to be attached on a writ against Hills and others, and afterwards regularly obtained a judgment and levied on the premises, and released its title to the demandants.

In the case of *Roberts* v. *Bourne,* in this county, it has been decided, that such an attachment was good; and that

the record of a conveyance not from the grantor could not be considered as giving notice, that he had conveyed.

The only question remaining is, whether the facts disclosed in the agreed statement can be considered as giving such notice. Stewart was in possession of the premises as the lessee of Hills before he conveyed to the tenant, and continued in the possession until after the attachment. He attorned to the tenant at the time of the conveyance to him ; but that made no visible change which could indicate to others, that there had been a sale ; and this is necessary where the person in possession is not the grantee, to have the effect of giving *notice to* a subsequent purchaser or attaching creditor. The hauling of timber upon the premises for a barn frame before the attachment would give no such notice. The acts of the tenant after the attachment could not deprive the creditor of the right, which was secured by it.

*Judgment for the demandant.*