ANDREW PIERCE *versus* CHARLES C. TAYLOR.

The record of a conveyance of land in mortgage, which on the records appeared to be the land of the mortgagee, is not notice of a prior conveyance thereof by the mortgagee to the mortgagor.

WRIT of entry. Pierce claimed under the levy of an execution upon a tract of unimproved and unenclosed land in Bangor, and regularly traced his title back to an attachment thereof as the property of Samuel Smith, on Jan. 20, 1836. The tenant claimed under a deed from Smith, dated March 21, 1835, and recorded March 19, 1836, and introduced the record of a mortgage back to Smith of the same premises from the tenant, of the same date, and recorded March 23, 1835.

*Rowe*, argued for the demandant, citing *Stanley* v. *Perley*, 5 Greenl. 369 ; *Kent* v. *Plummer*, 7 Greenl. 464 ; *Lawrence* v. *Tucker*, 7 Greenl. 195 ; *Norcross* v. *Widgery*, 2

Mass. R. 506 ; *Farnsworth* v. *Child*, 4 Mass. R. 637 ; *M'Mechan* v. *Griffing*, 3 Pick. 149.

*J. Godfrey* argued for the tenant, citing *Clark* v. *Jenkins*, 5 Pick. 280 ; *Kendall* v. *Lawrence*, 22 Pick. 540 ; *Curtis* v. *Mundy*, 3 Metc. 405.

The opinion of the Court was by

SHEPLEY J. — The demandant claims to recover by virtue of an attachment made on January 20, 1836, upon a writ in his favor against Samuel Smith and others ; and shows a judgment obtained in that suit and the levy of an execution issued thereon duly made upon the demanded premises. And a conveyance of the same from John C. Dexter and wife to Smith, by a deed made on March 31, 1835, and recorded on April 7, 1835.

The tenant exhibits a conveyance of the same from Smith to himself and William H. Foster, by deed made on March 21, 1835, and recorded on March 19, 1836, after the attachment. And conveyances from himself and Foster to Smith of the same in mortgage on March 21, 1835, and recorded on March 23, 1835. In the agreed statement it is said, that " the premises are wood and timber land unenclosed."

It was decided in the case of *Veazie* v. *Parker, ante* p. 170, that the record of a conveyance in mortgage to a person did not give notice, that such person had before conveyed the same estate to the mortgagor. The case does not present any evidence of an entry or occupation by the grantees of Smith under their deed, which would give notice, that they had purchased from him.

*Judgment for demandant.*