ALBERT GREENLEAF et al, Plaintiffs in Error, *vs* SAMUEL C. EDES, Defendant in Error.

Prior to the passage of Chap. 58, of General Laws of 1858,—all conveyances of real estate, duly executed and delivered, passed the title without record, as against all persons, save *bona fide* purchasers for a valuable consideration, and an attaching or judgment creditor was not a *bona fide* purchaser for a valuable consideration, within the meaning of Sec. 24, of Chap. 46, Rev. Stat.

A *bona fide* purchaser for a valuable consideration—whose conveyance was dated prior to a levy under an attachment, or the docketing of a judgment, was protected against such levy, or lien upon such judgment, although such conveyance was not recorded.

The common law rule was in force until expressly abrogated by the Statute of 1858, and the only object of Chap. 46. Sec. 24, Rev. Stat. was the protection of purchasers for a valuable consideration.

The object of Chap. 58, of General Laws of 1858, seems to be, to provide for the protection of attaching or judgment creditors, whose liens may accrue while the title to the real estate appears *by the record* to be in the grantor—although he may in fact, have conveyed the premises, and in effect, this Statute places such creditors on an equal footing with *bona fide* purchasers for a valuable consideration.

The Statute of 1858 above "refered to, can have no retroactive effect, but is expressly limited to conveyances thereafter made.

An assignment or Trust to *sell* lands for the benefit of creditors, is authorized by the Statutes of this State; but a mercantile assignment or Deed of Trust which authorizes the Trustee to sell lands "on credit," is void as against creditors. The whole conveyance is tainted with the fraud, or at least, the *mala fides*, of the grantor, and not simply the clause conferring or attempting to confer, the illegal authority.

The power to "sell on credit," implies the power to *hinder* and *delay*, and is therefore in direct con travention of the Statute, and renders the deed entirely void.

This was a writ of Error to the District Court of Ramsey County.

It appears from the complaint that, on the 14th day of September, 1857, one Charles W. Pairo was the owner of certain real estate in the County of Ramsey, Minnesota, and on that day conveyed the same by deed of trust to the Plaintiff Edes. The deed of trust is made a part of the complaint, and was recorded in Ramsey County on the 21st day of September, 1857. On the 19th of September, 1857, an action was commenced by the Defendant Albert Greenleaf against Pairo & Nourse, and a warrant of attachment was issued thereon, and levied the same day upon the property described in the deed of trust as the property of said Pairo & Nourse. That a judgment was rendered in said action on the 7th December, 1857, for $6165.50;—that an execution was issued thereon and levied upon the same property.

The Plaintiff claims that, at the time of the levy under the writ of attachment, neither of the judgment debtors had any interest in the property attached, but that the same was his property for the uses and purposes named in the deed of trust; and alleges that the warrant of attachment and the return thereon, as a lien upon the real estate, were embarrassments and injuries to the title, &c. and asked that such return might be cancelled, &c., and for relief to quiet the title to the property.

The deed of trust referred to in the complaint conveyed the property to Edes " in trust to sell the same, either at private or public sale, forthwith, *for cash or on reasonable credit, as the trustee shall think most advisable*," &c. The proceeds were to be applied first to the full payment of the claims of certain preferred creditors of Pairo & Nourse, and afterwards to the payment of other creditors *pro rata.*

The attachment was issued on the ground that the Defendants Pairo & Nourse were non-residents of this State.

It further appears that a small portion of the property attached was conveyed by Pairo & Nourse to Edes, on the 12th September, 1857, by warranty deed.

The Defendants demurred to the complaint—

*First.* Because it appears that the attachment lien was created prior to any record being made, in the county where the lands lie, of the deed of trust or warranty deed: and it does not appear that Greenleaf, the attaching creditor, had any notice of the deed of trust or warranty deed, or the date of the attachment;

*Second.* Because it appears from the face of the deed of trust that the same was executed in fraud of the rights of creditors, and is void as to them in that it gives the assignee the privilege of selling the said lands on credit without the consent of creditors;

*Third.* Because the deed purports to be a general mercantile assignment for the benefit of creditors, and does not purport to convey all the property of said Pairo & Nourse in the Territory of Minnesota or elsewhere; and because it appears that Pairo has sold some portion of the property attached, since said assignment.

The District Court (NELSON, J.) overruled the demurrer: holding that the unrecorded deed of trust and warranty deed to Edes took precedence, and that the judgment against Pairo & Nourse was no lien upon the property; and further, that the clause in the deed of trust authorizing the trustee to "sell for cash or reasonable credit," did not vitiate the assignment—holding that a trust was raised to sell for the benefit of credditors, and that an attempt to create an unauthorized trust did not destroy the valid trust.

Judgment was rendered on demurrer in favor of the Plaintiff, and the Defendants review the proceedings in the Court below upon writ of Error.

The following are the points and authorities relied upon by Plaintiffs in Error.

*First.* The lien of a creditor acquired by the attachment of a particular piece of land is as specific and under similar circumstances, stands on as high equitable ground as a lien by mort-

gage of the same land.  *Carter vs. Champion*, 8 *Conn. Rep. p.*
549; *Revised Statutes of Minnesota, pages* 346–7, *Sec.* 141; 5
*Greenleaf's Rep.* 245; 3 *Ohio Reports,* 488; 9 *N. H. Rep.
p.* 48.

*Second.*  All conveyances and transfers of land and liens
created thereon date, as to' all parties except those privy to the
conveyance, from the time of entering in the office of the Re-
gister of deeds of the proper county for record, the instru-
ment, executed in due form of law, whereby the conveyance
is made or the lien created.  *Revised Statutes of Minnesota p.*
211, *Sec.* 1; *Ulster vs. Hutchinson,* 23 *Penn. State Reports*
(11 *Harris*) 110; 24 *Penn. State Reports,* (12 *Harris*) 186;
25 *Penn. State Reports,* (1 *Cary,* 268); *Magaw vs. Ganett,* 25
*Penn. State Reports,* (1 *Cary,*) 319; *do. Vennell vs. Hamilton*
27 *Ala.* 156; *Smeade & Marshall, Ch.* 437, (*Mississippi.*)

*Third.*  Deeds of assignment for the benefit of creditors do
not stand upon so high equitable ground as mortgages for the
security of money, or conveyances for a valuable consideration
or liens of judgment or attaching creditors, and such an as-
signee is not a bona fide purchaser for a valuable consider-
tion within the meaning of the Statute. *Steele vs. Van Vechten,*
11 *Paige* 21; 3 *Ohio Reports,* 488; 5 *Maine,* 174.

*Fourth.*  The deed of assignment set forth in the complaint
and which is the foundation of the cause of action of the De-
fendant in Error (Plaintiff below) is fraudulent and absolutely
void on its face as against the Plaintiff in Error.  Greenleaf,
who was a creditor of said Pairo at the time he executed said
assignment, as appeared by the complaint of said Defendant
in Error, for the reason that it authorized the Defendant in Er-
ror, in express terms to sell the assigned property upon credit.
*See Case, Folio,* 23*d.*  *Bingham vs. Tillinghart, and others,*
3 *Kernan* 215 ; *Kellogg vs. Slawran and others,* 1 *Kernan,*
302 ; *Nicholson vs. Leavitt, and others,* 2*d Selden,* 510 ; *Bar-
ney vs. Griffin and others,* 2 *Comstock,* 365 ; *Burdick vs. Part
& Hunting,* 12 *Barbour,* 168 ; *Meacham vs. Stenies,* 9 *Paige,*
398 ; *Statutes of Minnesota,* 1853 ; *p.* 22, *Sec.* 2.

*Fifth.*  The trust created by the assignment is illegal, un-
authorized and void.  An assignment that is void in part is
void in toto. *Mackie vs. Caines,* 5 *Cowen,* 547; 1 *Hopk.* 373;

*Harris vs Summer*, 2 *Pickering*, 137; *Tucker vs. Welsh*, 17 *Mass.* 164; *Grover vs. Wakeman*, 11 *Wendell*, 187; 4 *Paige*, 24; *Goodrich vs. Dawens*, 6 *Hill*, 438; *Barnum vs. Hempstead*, 7 *Paige*, 568; *Burrill on Assignments, page* 231.

*Sixth.* There has never been a legal record of the said assignment.

The following are the points and authorities relied on by Defendant in Error.

*First.* The Trust Deed of Charles W. Pairo to Defendant in Error set forth in the complaint in this action, was valid and effectual to pass the real estate therein described, as well *before* as *after* the record thereof, as against all parties, except only *bona fide* purchasers for a valuable consideration. *R. S. p.* 213, *Sec.* 24. *Id. Sec.* 29. *Id. p.* 347, *Sec.* 145; *Sub.* 1, *Sec.* 140 *and* 141; *R. S. p.* 346; *R. S. p.* 346, *Sec.* 138; *Green vs. Mowrie*, 2 *Bailey*, 463; *West vs. Tuft*, 1 *Bailey*, 193; *Day vs. Dunham*, 2 *Johns, Ch.* 188; *Russell vs. Woodward*, 10 *Pick.* 413; *The State of Maryland vs. the Bank of Maryland*, 6 *Gill and John*, 205.

*Second.* The Plaintiff in Error, Greenleaf, was not, nor was any attaching or judgment creditor of Pairo, seeking to enforce his debt out of the real estate conveyed by said deed, *a bona fide* purchaser within the meaning or extent of the law which protects innocent purchasers for a valuable consideration. *See authorities cited under first point—Also Sparks vs. The State Bank*, 7 *Black*, 469; 7 *Black*, 510; 8 *Black*, 420; 4 *John*, 216; 4 *Cow.* 599; *Board of Commissioners, Wilson*, 1 *Carter*, 356; *Brush vs. Warning*, 1 *Bay*, 90; 4 *Kent.* 173.

*Third.* The power in the Assignment authorizing the Trustee to "sell forthwith for cash, or on reasonable credit, as he may think advisable" does not invalidate the deed. The power to sell on credit is necessarily incident to the trust, and the creation in express terms, of a power which is necessarily implied cannot invalidate the deed. *Nicholson vs. Leavitt*, 4 *Sanford, S. C.* 252; *Rogers, et al, vs. DeForest*, 7 *Paige, Ch.* 272; *Darling, et al, vs. Rogers & Sangony*, 22 *Wend.* 483; *Abercromby vs. Bradford*, 16 *Ala.* 560; *Ashurst vs. Martin*, 9 *Porter, (Ala.)* 566; *Shackleford vs. Bank of Mobile*, 22 *Ala.*

238 ; *Grinnell vs. Adams*, 11 *Hamph.* (*Tenn.*) 283 ; *Gillman vs. Earnhardt*, 1 *Jones' Law, N. C.* 559 ; *Hollister vs. Lond*, 2 *Mich.* 309 ; *R. S. p.* 203; *Neally vs. Ambrose*, 24 *Pick.* 185 ; *Hopkins vs. Rae*, 1 *Met.* 79.

*Fourth.* Though the power to sell on credit be alleged it does not necessarily invalidate the deed. The rule " *ut res magis valeat quam pereat* " applies and governs in such case. *Garling, et al, vs. Rogers & Sagory*, 22 *Wend.* 483 ; *R. S. p.* 303.

*Fifth.* It does not appear from the complaint in this action that the assignment is not a *general assignment;* were it a partial assignment of a part only of the debtor's property, for the benefit of creditors, it would be equally valid as a general assignment. *Burrill on Assignments, p.* 97, *and cases cited ; Hudson vs. Maze*, 3 *Scam.* 578.

*Sixth.* While an assignment directly to *creditors* requires their assent, it is now well settled, that an assignment to *Trustees* for the benefit of creditors is good without their consent. *Nicoll vs. Mumford*, 4 *Johns, Ch.* 523, 529; *Cunningham vs. Freeborn*, 11 *Wend.* 241, 249; *Shattuck vs. Freeman*, 1 *Met.* 10; *Burrell on Assignments*, 84, *and* 306 *to* 316.

*Seventh.* The 4th ground of demurrer, stating generally, a misjoinder of parties, &c., is too vague and indefinite to avail to defeat the complaint for any purpose whatever. *R. S. p.* 337.

*Eighth.* An assignment valid by the laws of one of the U. S. though assumed to be void if made in another State, will carry property in that other State against attaching creditors. The Plaintiffs in Error must therefore show that the deed of assignment is void, not only under the statutes of Minnesota but under the laws of the District of Columbia. *Caskie vs. Webster*, 2 *Wallace Jr.* 131. (*Cir. Court Reports.*)

Sanborn, French & Lund, Counsel for Plaintiffs in Error.

Wm. Hollinshead and Geo. L. Otis, Counsel for Defendant in Error.

*By the Court.*—I. Atwater, J. It appears from the complaint in this case, that Charles W. Pairo and wife conveyed to the De-

fendant in Error, in trust for the benefit of creditors, certain real estate in the City of Saint Paul. The deed was executed and delivered in the City of Washington (of which place Pairo was a resident) on the 14th day of September, 1857. The deed was forwarded for record in Ramsey County and was recorded in said county on the 21st of September, 1857. On the 19th of September of the same year, a writ of attachment was issued at the instance of the Plaintiff in Error against the property of the said Pairo, and was levied on that day on the property conveyed by Pairo to Edes. The first question to be determined is, whether the attachment, duly served on the property before the record of the deed to the Defendant in error, shall give the Plaintiff a prior lien on the premises.

Section one, of Chapter forty-six Revised Statutes provides that conveyances of lands, or of any estate or interest therein may be made by deed, signed and sealed by the person from whom the estate or interest is intended to pass, being of lawful age; or by his lawful agent or attorney, and acknowledged or proved, and recorded as directed in this Chapter, without any other act or ceremony whatever." By the common law, conveyances of real estate are not required to be recorded, in order to render them valid even as to other than parties and privies. To what extent has the Statute changed this rule? By reading the first section above cited alone, without reference to other provisions, it would seem that a conveyance of real estate could not be valid even as between parties and privies without record. But from a comparison of this section with other Statutes upon the same subject, we are satisfied, that it was not the intention of the legislature to go to this extent, but that conveyances of real estate duly executed and delivered, pass the title without record, as against all except *bona fide* purchasers for a valuable consideration. Sec. 24 of Chapter 46, Revised Statutes, provides that " every conveyance of real estate within this Territory hereafter made which shall not be recorded as provided by law, shall be void as against any subsequent purchasers in good faith, and for a valuable consideration of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." This section is wholly meaningless unless the view above taken as to the effect of deeds with-

out record be correct. The common law rule is in force unless expressly abrogated by Statute, and the object of the Statute, seems to be only the protection of purchasers for a valuable consideration.

The authorities as to the effect of deeds without record, are numerous and generally uniform, and those based upon Statutes like our own, establish the validity of such deeds beyond question. (4 *Kent*. 456, *and cases cited—also*, 10 *Johns*, 466; 3 *At R*. 646; 4 *Dana*, 258; 10 *Pick*. 413.)

The grantor Pairo, had parted with all his interest in the real estate upon which the attachment was levied, and there was nothing to support the writ, unless the attaching creditor is helped by the recording act. And he can derive no benefit from that unless he shall come within the protection of the Statute as a *bona fide* purchaser for a valuable consideration.

That an attaching or judgment creditor is not such purchaser within the meaning of the Statute, we are well satisfied. The weight of authorities on this subject settles the question beyond reasonable doubt. In *Story's Eq. Jur. Sec.* 410, (*note*) it is said that " the rule adopted in Equity in favor of *bona fide* purchasers without notice, not to grant any relief against them, is founded upon a general principle of public policy. It is not however absolutely universal; for it has been broken in upon in two classes of cases. In the first place it is not allowed in favor of a judgment creditor who has no notice of the Plaintiff's equity. This appears to proceed upon the principle, that such judgment creditors shall be deemed entitled merely to the same rights, as the debtor had, as he come in under him, and not through him, and upon no new consideration, like a purchaser." See also, *Seavings vs. Brinkerhoff*, 5 *John, Ch.* 329, *Coddington vs. Bay*, 20 *John*, 637; *Stuart vs. Kissam*, 2 *Barb*. 493; 4 *Paige, Ch. R.* 215; *Jackson vs. Campbell*, 19 *John*, 281; *Jackson vs. Dubois*, 4 *John*, 216; 4 *Cow*. 599.

That such creditor was not considered a *bona fide* purchaser for a valuable consideration in the view of the Statute which was in force at the time the attachment of the Plaintiff in error was levied, we think also evident from Chap. 52, Sec. 1, of General Laws of 1858. That Statute requires all conveyances

of real estate within this State to be recorded in the proper county; and provides that every conveyance not recorded as therein provided shall be void as against any subsequent purchaser in good faith and for a valuable consideration or as against *any attachment levied thereon or any judgment* lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record, prior to the recording of said conveyance. The sole effect of this action seems to be to provide for the protection of attaching or judgment creditors, whose liens may accrue while the title to the real estate appears *by the record* to be in the grantor, although in fact, he may have conveyed the premises. In other words, this Statute places such creditors on an equal footing with *bona fide* purchasers for a valuable consideration. The Statute is expressly limited to conveyances thereafter made, and consequently cannot have a retroactive effect; and the inference is clear and conclusive, that it was not the intention of the legislature previous to the enactment of this Statute, that creditors should be regarded as *bona fide* purchasers for a valuable consideration. For the only change in the law as it before existed, which is effected by this Statute, is with reference to attaching and judgment creditors. As between parties and privies to such conveyances the Statute of 1858 makes no change, but leaves them subject to the rights and liabilities that before existed.

This brings us to the second important question which is presented by the demurrer in the Court below. The deed from Pairo to Edes is a trust deed, purporting to be for the benefit of creditors, and contains a clause authorizing the trustee to sell, "either at public or private sale, forthwith for cash, or on reasonable credit, as the trustee may think most advisable." It is claimed that the provision allowing the trustee to sell on credit, renders the deed void as to the creditors of Pairo, under Sec. 1 of Chap. 64 of Revised Statutes, on the ground that such conveyance was made with the intent to hinder, delay or defraud creditors. Such provisions have been the subject of much discussion in the different States, and the authorities as to their effect in a deed of trust are to some extent conflicting. But without going into a particular examination of the

reasoning on which these several decisions have been made, it may suffice to say, that in our view, neither upon weight of authority nor upon principle, can such trusts be sustained under Statutes upon this subject like those of this State. It is doubtless true that the granting of power to the trustee to sell upon credit, does not always necessarily operate to hinder, delay or defraud creditors, and might sometimes, if prudently exercised, prove advantageous to them. If the property is large in its amount, and scattered in its locality, its immediate sale for cash might involve a heavy loss, and perhaps, looking to the interests to be protected, a ruinous sacrifice; while from the same property, if sold upon credit, with the exercise of ordinary judgment, a sum might be realized equal to its value, and perhaps sufficient to meet the demands of the creditors. These and other reasons entitled to weight, are urged in favor of sustaining such provisions in assignments for the benefit of creditors. Still, the fact that such provisions if allowed, *may* be used, to not only hinder and delay, but even practically to prevent creditors from collecting their debts at all, should be conclusive against them, unless expressly authorized by Statute. For if the debtor has the right to confer upon the trustee the power to give credit upon sales, there is no limit as to the time for which such credit shall be given. It may be for one, five, or ten years, entirely at the discretion of the trustee.

It may be true that the property would realize a larger sum at the expiration of such time, than for a cash sale, sufficient perchance to pay the debts and leave a surplus for the benefit of the assignor. And it is probably usually with the intent to benefit the assignor that the clause permitting sales on credit, are inserted in conveyances of this kind.

But voluntary assignments by insolvents, at best, are not regarded with favor by the law, especially those giving preferences, and are not sustained for the benefit of the debtor, nor are his interests to be protected at the expense of those of the creditor. Nor, where there may be doubts as to the true construction of the Statute relative to such conveyances, will Courts be anxious to give a liberal construction of the law, in order to sustain them where they seem to have been framed with the view

of favoring the debtor at the expense of the creditor. Nor can we concede to the debtor the power of fixing such time as he may choose for the final disposition of his property, and thus setting his creditors at defiance until the expiration of such time as he may limit in the exercise of his discretion.

And if it is illegal and inequitable that the debtor should himself have and exercise such power, it is manifestly equally so, that he should be permitted to exercise it through an agent, or trustee of his own appointment. But it is unnecessary to state all the reasons which suggest themselves in support of this view of the case, as the subject has been ably and elaborately discussed in the cases before the Court of Appeals of the State of New York; and aside from the weight of authority which must be conceded to the decisions of that Court, the reasoning on principle is conclusive to our minds, even were the question to be considered an open one. *Nicholson vs. Leavitt*, 2 *Sel.* 510; *Brigham vs. Tillinghast* 3 *Kernan*, 215; *Kellog vs. Slawson*, 1 *Kernan*, 302; *Bernard vs. Griffin*, 2 *Cow.* 365.

The provision of statute under which only a trust of this kind—that is, one for the benefit of creditors—can be created, is contained in subdivision 1, Section 11, of Chapter XLIV. page 203 Revised Statutes, which allows a trust to *sell* lands for the benefit of creditors. The provision with which this deed, as actually framed, conflicts, is found in Section 1, Chapter LXIV. page 269 Revised Statutes. By comparing these Statutes with those of New York, under which the decisions above referred to were made, it will be found that they are *identically the same;* our statutes, undoubtedly, having been copied, as to those sections, from the statutes of New York. Hence, the reasoning of the Court of Appeals of that State upon the point under consideration applies with equal force here as there. And, indeed, in view of the fact that our Code is mostly a transcript from that of New York, and of the advantage to be derived to the profession, as well as to the community at large, from the decisions of the eminent Court of Last Resort of that State, we should long hesitate to differ from a unanimous opinion of that Court given upon a point involving the construction of the same statute as our own. In

all such cases, it is believed that far less evil would result, from applying the rule of "*Stare decisis*," even in every instance, rather than regard such decisions as open for discussion, and not binding on this Court.

But, it is claimed by the counsel for Defendant in Error that, although the provision or clause in the trust deed permitting the trustee to sell on credit be illegal and void, it does not necessarily vitiate the whole deed, and that the trust as to the other parts should be sustained upon the rule "*Ut res magis valeat quam pereat;*" but we find no authority which goes to the extent of applying that rule to a case like the one at bar, save that of *Darling et al. vs. Rogers,* 22 *Wendell,* 483. But that decision—in effect, at least, if not directly—seems to have been overruled by subsequent decisions of the Courts of that State above referred to. And, indeed, it is difficult to see how that decision can be sustained on reason or principle. If the provision in this trust deed which is objected to be illegal, it is so on the ground that it was inserted with the intent to hinder, delay or defraud creditors.

The statute provides that every *conveyance* made with such intent shall be *void*, as against the creditor so hindered, delayed or defrauded. The whole conveyance is tainted with the fraud—or, at least, *mala fides* of the grantor—and not simply the clause conferring or attempting to confer the illegal authority. The deed is the instrument by which the conveyance is made, and the statute, in effect, therefore declares the deed void. It is a familiar principle of law, that fraud vitiates every contract into which it enters, as to all affected by it save parties and privies to the fraud. The cases to which the maxim above quoted is applicable are those unaffected by any consideration of fraud or bad faith by the parties to the instrument to which it is sought to be applied.

The rule is undoubtedly a sound one in all cases where it can properly apply; but it cannot prevail over an express provision of statute which declares every conveyance of this kind absolutely void. In the cases cited above from the Court of Appeals in New York, the conveyances containing a clause permitting the trustees to sell upon credit were declared void, as against creditors; and, though it does not appear that the

point was directly raised as to whether such clause avoided the whole instrument, yet the inference is strong that such an idea was not entertained either by the counsel or Court: for these cases were ably and elaborately argued, and, evidently, carefully considered by the Court, and it is hardly possible to believe that so important a point for sustaining such conveyances would not have been urged had it been considered well founded, especially with the case of *Darling vs. Rogers,* before the Court. It was stated by the Court in *Nicholson vs. Leavitt,* 2 *Sand.* 253, that where an instrument contains a clause or provision in contravention of a statute it renders the whole instrument void. In that case it was argued that the intent to hinder and delay is as much prohibited by the statute as the intent to defraud, and, consequently, when apparent and proved, must have the same effect: that is, must be just as fatal to the validity of the instrument to which it applies.

But the intent of the debtor to hinder or delay his creditors must always be implied, when such is the necessary effect of any provision in the instrument of assignment, or of the exercise of any authority or power which the instrument confers. But the Superior Court in that case held that it was not true that every assignment by an insolvent must be held to be void, if the necessary effect of its provisions, or of any of them, is to hinder and delay the creditors; and the Court say that, if such be the true construction, every assignment for the benefit of creditors must be necessarily void, inasmuch as its necessary effect is more or less to hinder or delay creditors;—and the same reasoning was urged before this Court in the case at bar. The remark is true; and for the reason that such assignments would hinder and delay creditors, they would be void unless expressly authorized by statute: and, for the same reason, they cannot be extended beyond the very letter of the statute, which only authorizes a trust to *sell* lands for the benefit of creditors—not to mortgage, nor to hold them indefinitely in the hands of the trustee or any other person, nor to dispose of them in any other way than for money. In our view, the provision authorizing the assignee to sell upon credit is in direct contravention of the statute, and must, therefore, render the deed entirely void. It will be observed that the case in *2d Sand.*

above referred to, was overruled by the Court of Appeals in 2d *Selden*, 510, and consequently is not authority as to the law in New York upon the point in question.

Entertaining this view of the case upon the provision in the assignment authorizing the trustee to sell upon credit, it is un, necessary to consider the other points raised by the Plaintiff in Error on the argument.

The judgment of the District Court must be reversed, and judgment rendered for the Plaintiff in Error on demurrer in the Court below.