PAUL, In re. See Case No. 12,148.

## Case No. 10,841.

### PAUL v. HULBERT et al.

[5 Reporter, 738;[1] 1 N. W. Rep. (O. S.) 149; 24 Int. Rev. Rec. 53.]

Circuit Court, D. Minnesota. Jan. 18, 1878.

ACTION—DEFENSE — PENDING ACTION IN EQUITY BROUGHT BY DEFENDANT.

A defendant in an action in the United States courts cannot defeat the action by pleading the pendency of a suit in equity, previously commenced by himself, and involving the same questions.

[Cited in Seymour v. Malcolm McDonald Lumber Co., 7 C. C. A. 593, 58 Fed. 961.]

On May 9, 1876, the defendants [Lester F. Hulbert and Charles C. Paige] entered into a contract to build and erect for the plaintiff [Benjamin F. Paul] a flouring mill, and furnish and provide materials and machinery complete for the same. This suit was commenced September 27, 1877, to recover damages for breach of warranty under the contract. The defendants answer that before the commencement of this suit, on March 27, 1877, they filed a bill in equity against the plaintiff to recover a balance due under the contract, and to have the amount declared a specific lien on the mill and the land on which it is situated, and that on June 5, 1877, the plaintiff appeared as defendant in that suit, and duly filed his answer to the bill of complaint, and pleaded, all and singular, the matters alleged in his complaint in this action by way of set-off and recoupment against the claim of these defendants, which action is still pending and undetermined, and they demand a judgment of dismissal in this suit.

Davis, O'Brien & Wilson, for plaintiff.
Gilman, Clough & Lane, for defendants.

NELSON, Circuit Justice. [The pendency of an equity suit in this court, wherein the defendants in this action as complainants there seek to recover a balance due them, and to enforce a lien upon the mill and land upon which it is erected, is urged as a defense to an undoubted cause of action at law, and to defeat a trial by jury of an important issue of fact.][2] Had the plaintiff made no defense in the equity suit, and commenced this action, it is admitted he could have prosecuted it to a final determination. If so, I can see no reason why he should be deprived of the right now. No decree would be granted until the allegations in the bill of complaint were proved, and this plaintiff, without answer, could have met the proof by counter evidence. The statutes of Minnesota are invoked to sustain the answer as a plea in abatement. It is provided by section 77, and the third subdivision of section 74, p. 460, Rev. St. Minn., that an objection to the complaint of a plaintiff, "that there is another action pending between the same parties for the same cause," may be taken by answer where it does not appear upon the face of the complaint; and it is declared by act of congress, June 1, 1872 [17 Stat. 196], "that the practice, pleadings, and forms and modes of proceeding in civil causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held." I shall admit, for the purposes of this case only, that the question presented is one of practice and pleading; still the defendants are not aided thereby. The state statutes did not enlarge a defense but merely directed the mode in which defenses and objections available by law at the time it was enacted may be taken advantage of, the nature of these defenses and objections being left unaltered. Such was the early construction of this section of the New York Code, from which the Minnesota statute was transcribed. See 5 How. Prac. 52.

The act of congress recognizes the constitutional distinction between proceedings in equity and at common law, and no case has been presented where a defendant has been permitted to defeat an action at law against him by pleading the pendency of a suit brought by himself against his adversary. Previous to the Code enactments the plea of a former action pending, in abatement, was allowed only in case the same party instituted double actions for the same subject matter in the same court. In some cases in equity after a decree to account was made where trust funds would be affected, and the rights of all persons interested therein could be settled and adjusted, the rule was that suits at law would be enjoined to prevent the prosecution of suits against the persons in charge of the fund, and protect it from being squandered by litigation, but no case is cited and no principle laid down which excludes a defendant from the benefit of a cross action, or restricts him to a defense to the suit instituted against him before a decree, except, perhaps, where executors have been sued in chancery and afterwards cited before the probate judge to account.

Judgment for plaintiff, unless answer is served in twenty days.

---

[1] [Reprinted from 5 Reporter, 738, by permission.]

[2] [From 1 N. W. Rep. (O. S.) 149.]