LARSEN (SINGER MANUF'G CO. v.). See Case No. 12,902.

LARUE (MINTURN v.). See Case No. 9,646.

LASELLE (PARKINSON v.). See Case No. 10,762.

———

## Case No. 8,097.

### LASH v. HARDICK et al.

[5 Dill. 505;[1] 24 Int. Rev. Rec. 53; 5 Reporter, 552; 2 N. W. Rep. (O. S.) 150.]

Circuit Court, D. Minnesota. Jan. 29, 1878.

RECORDING ACT OF MINNESOTA—JUDGMENT CREDITOR—UNRECORDED DEED—POSSESSION—NOTICE.

1. By the statute of Minnesota (Rev. St. p. 339, § 21), judgment creditors, as respects unrecorded deeds, are put upon the same footing as bona fide purchasers for value.

———

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. The possession under the unrecorded deed, in this case, was not of such a character as to charge the judgment creditor with notice of the rights of the grantee.

On June 6th, 1870, the sheriff of Dakota county, Minnesota, under a power of sale in a mortgage executed by William S. Hardick and Anna J. Hardick, his wife, sold the property in controversy—the west half of the southeast quarter of section thirty (30), township one hundred and fifteen (115), range nineteen (19)—eighty acres of land—and delivered a certificate of sale to the purchaser, Palona Atherton, which was duly recorded June 14th. On June 2d, 1871, Hardick and wife, being anxious to redeem from the sale, applied to the defendant, Orlando B. Turrell, the agent of Lash, the complainant, for a loan of money which would enable them to redeem, and agreed to execute to [Israel G.] Lash a mortgage upon this and other property as security, which was granted, and, in pursuance of the arrangement, Turrell purchased and took an assignment of the sheriff's certificate of sale, and a deed of the property, from Palona Atherton, June 2d, 1871, both of which were duly recorded August 1st, 1871. After the fee had matured in Turrell of record, he conveyed the property to Mrs. Hardick, and Hardick and wife executed, on the last day of July, 1871, antedated June 2d, 1871, a note and mortgage for $2,500 to Lash, which was recorded August 1st, 1871. The deed from Turrell to Mrs. Hardick was never recorded, and is not produced on the hearing, having been lost. On June 2d, 1873, Turrell, as agent of Lash, renewed the loan to defendants, Hardick and wife, and took a new note and mortgage, duly recorded June 17th, 1873. Anna J. Hardick resided on a forty-acre tract adjoining the premises until October, 1876, and during this year leased the property to one Johnson, whose farm, upon which he resided, was two miles distant. Johnson never lived upon the premises, nor recorded his lease, but had plowed a portion of the eighty acres lying south of a road cutting the land diagonally in nearly two equal parts, and cultivated it that year. A person by the name of Sawyer resided on the land in controversy, but is admitted by all parties to be a trespasser.

On December 23d, 1876, the defendant bank [The Farmers' and Traders' Bank] obtained a judgment in a suit theretofore commenced against O. B. Turrell and William R. Marshall, for the sum of $2,047.31, which was duly docketed on that day in the clerk's office of the district court of the county in which the land is situated, and on February 27th, 1877, execution was duly issued against the property of Turrell and Marshall, and within the proper time the writ was levied on the land described aforesaid as the property of O. B. Turrell, and was duly sold by the sheriff of said county, and the bank having made a bid of $2,157.23, the land was struck off to it, and a certificate of sale, according to the statute of Minnesota, duly executed and delivered by the sheriff on the same day, and the writ was returned satisfied, according to law. On April 25th, 1877, the certificate was properly recorded in the office of the register of deeds of said county.

This suit is brought by Lash to foreclose the mortgage executed by Hardick and wife, June 2d, 1873, and is resisted by the bank, which claims title to the land, and in its answer denies any notice, actual or otherwise, of the unrecorded deed from Turrell to Anna J. Hardick, or of the mortgage from Hardick and wife to Lash, until after the entry and docketing of its judgment against Turrell and Marshall.

Allis & Allis, for complainant.
Claggett & Searles, for defendant bank.

NELSON, District Judge. It would seem, from the above facts, that the bank has sustained its defence to the bill of complaint, unless there was sufficient notice to put it upon inquiry which would have furnished information respecting the true condition of the property. The registry law is intended to give information to persons dealing with real estate relating to transfers and incumbrances, and for their protection from secret conveyances. Patterson v. De La Ronde, 8 Wall. [75 U. S.] 300. The record did not show title out of Turrell when the judgment was docketed, and the bank can rely upon the knowledge obtained therefrom.

If, however, it had actual notice, or its equivalent, of the existence of the deed from Turrill to Mrs. Hardick, nothing can be claimed by virtue of its judgment, for equity would give no better title than Turrell possessed. Actual notice before the docket entry is not asserted. The record of this mortgage was not constructive notice of title out of Turrell (Mills v. Smith, Id. 27), and the bank, having traced title to him out of whom the registry did not carry it, was not required to look further for protection.

The statute (Rev. St. Minn. p. 330, § 21) enacts that an unrecorded mortgage "shall be void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance is first duly recorded, or as against any attachment levied thereon, or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record, prior to the recording of such conveyance."

This act protects judgment creditors, as bona fide purchasers for a valuable consideration, whose liens arise while the record title appears in the judgment debtor, although in fact he may have conveyed the property. Greenleaf v. Edes, 2 Minn. 272 (Gil. 226). The bank is, by the statute, placed on an equality with bona fide purchas-

ers, and is governed by the same rule. Lamberton v. Bank (Minn.) 2 N. W. Rep. (O. S.) 56.

The proceedings subsequent to the entry of judgment, and the title, when completed by a sale, relate back, and the time of purchase becomes as of the date of the docket entry. It cannot be doubted that a bona fide purchaser for a valuable consideration, without notice, having a deed from Turrell executed subsequent to the unrecorded deed of Mrs. Hardick, would hold the property if his deed was put on record; and equally can the bank, unless the facts proved in regard to the possession of Mrs. Hardick, through Johnson, the lessee, make it fraudulent to insist upon its judgment to the prejudice of Lash. There was no open, notorious, and exclusive possession at the time the judgment was docketed, December 28th, 1876, sufficient to warn any person, or suggest any inquiry into the condition of the title, and no greater consideration can be claimed, on account of neglect to make inquiry, than if it had been made and the facts ascertained. The possession of Mrs. Hardick of the property in controversy, after the unrecorded deed to her from Turrell, was in no manner different or changed from what it had been before. She lived on the adjoining tract. Now, she had moved out of the state, and a trespasser was the only person residing on the land. Johnson, the lessee, lived two miles distant, and his possession was not so exclusive and of such public notoriety that it could be readily ascertained by those seeing the property. At the time of the entry of the judgment, and thereafter, the visible condition of the property was not inconsistent with the record title in Turrell.

It is admitted that after the docket entry of the judgment against Turrell, and before the execution was levied by the sheriff, the bank, through its cashier, had notice from Turrell, by letter, that he had made a conveyance of the property in 1871 to Mrs. Hardick, but this fact cannot affect the right secured by the statute. No principle of estoppel can be applied. The bank obtained its judgment in good faith, and the statute gives it a priority. To deprive it of this legal advantage by notice of an unrecorded deed after the lien attached, would nullify the statute, and a judgment creditor would not fare as well as a bona fide purchaser without notice.

Decree will be entered dismissing the bill as to the bank. Decree accordingly.

[Authorities consulted: 23 Me. 246; [U. S. v. The Watchful] 6 Wall. [73 U. S.] 91; 2 Minn. 264 (Gil. 226), 2 N. W. Rep. (O. S.) 56; [Mills v. Smith] 8 Wall. [75 U. S.] 27, 300; 64 N. Y. 76; 2 Lead. Cas. Eq. pt. 1, 187; 23 Pa. St. 110; 5 Me. 148; 1 Gilman, 187; 15 N. Y. 354; [Landes v. Brant] 10 How. [51 U. S.] 348; [Lea v. Polk Co. Copper Co.] 21 How. [62 U. S.] 495; [Hughes v. U. S.] 4 Wall. [71 U. S.] 232; 3 Pick. 149; 18 Cal. 359; 25 Wis. 70; 20 N. Y. 402; 23

Me. 170; 8 Me. 94; 20 Wis. 520; 32 N. H. 384; 12 Wright [48 Pa. St.] 238; 22 Mo, 455; 24 Miss. 106; 65 N. Y. 30; 27 Ill. 210.] [2]