CONKLIN VS. HAWTHORN and others.

*Swamp lands, action by patentee for prior trespass. Judgment, presumption in favor of. Trial, cross-examination.*

1. Where state lands once sold have been forfeited for a default in payment of principal or interest, the certificates of sale, by their terms and by force of the statute under which they are issued, become utterly void and of no effect; and if trespasses have been committed upon the lands by cutting and removing timber, the right of action for the tresspass or for the timber, is thenceforth in the state, until the land is resold.

2. What would be the rights of the party holding the certificate, during the life thereof, as against trespassers, it was not necessary to determine in this action.

3. Under ch. 520, Laws of 1865, where such forfeited lands are resold and patents issued therefor, the rights of action above described pass to the patentee (and this without any formal assignment in the patent), with the exceptions expressed in the statute.

4. Whether, where the patentee sues for such a trespass committed prior to the date of the patent, he must show in the first instance that the timber had *not* been " cut and removed with the assent of the proper state authorities, or sold by the state," and that the land had *not* been " previously reported to the commissioners of school and university lands as trespassed upon," or that, if they had been so reported, he had paid " in addition to the price thereof, the penalty of fifty per cent., fixed by ch. 233, Gen. Laws cf 1864," — it was not necessary to determine in this action.

5. If such proof was necessary, it must be *presumed* in favor of the judgment that the same was furnished, where the bill of exceptions does not state that it contains all the evidence, nor otherwise expressly negative such presumption.

6. A judgment will not be reversed for excessive damages where the record does not show that it contains all the evidence on that question.

7. Where a witness has testified in chief to the value of a piece of property which he has bought or sold, he may be asked on cross-examination what he paid for it or what he got for it.

APPEAL from the Circuit Court for *Outagamie* County.

Action by the patentee of certain swamp lands, to recover damages for trespasses committed thereon previous to the date of his patent, brought under the provisions of chapter 520,

Laws of 1865. The case sufficiently appears in the opinion of the court.

From a judgment for the plaintiff the defendants appeal.

*Geo. H. Myers,* for appellants.

Previous to the passage of chap. 520, Laws of 1865, the plaintiff's patent would not have been competent evidence in an action for a trespass committed prior to its date. *Pratt. v. Potter,* 21 Barb., 589; *Case v. De Goes,* 3 Caines, 261; *Cowenhoven v. City of Brooklyn,* 38 Barb., 9. That act does not give the plaintiff the right contended for. It is in derogation of the common law, and is penal, and must be strictly construed. It provides for no assignment of the state's right of action, and the patent contains none. The plaintiff did not prove that the timber was not sold to the defendants or their assignors by the state officers, or cut with their consent. Sedgwick on Stat. and Con. Law, 62–63; Wharton Crim. Law, § 579. He did not prove that the trespass had not been reported to the state, or, if so reported, that he had paid the fifty per cent. penalty required by law, and the timber been released to him by the state. 2. Up to the date of the plaintiff's purchase from the state, Tracy had a valid subsisting interest in this land, under his certificate, and had a right to pay up and have his contract revived. *State v. Commissioners of S. and U. Lands,* 4 Wis., 414; *Lawton v. Howe,* 14 id., 241; *Hurd v. Hall,* 12 id., 112. He had also, under chap. 193, Laws of 1864, the same right of action for trespasses committed on the land as if he was the real owner. For such a trespass, he alone could have an action, and the state cannot transfer that right, and the act of 1865 does not purport to transfer it, but only the right of the state. 3. If Tracy sold the timber to the defendants, neither the plaintiff nor the state could sue them in trespass therefor. The state could only maintain an action against him for waste. The act providing that remedy was a part of the contract, and no subsequent law could enable the state to transfer a right to bring an action of trespass against Tracy or his assignee. 4 Wis.,

414; *State v. Weston*, 17 Wis., 107. It was error to admit testimony as to how much defendants sold the timber for at Oshkosh or Menasha. *Weymouth v. Chicago and N. W. R. R. Co.*, 17 Wis., 550.

*Gabe Bouck*, for respondent:

1. The legislature has the right to transfer any claim or cause of action, and authorize its assignee to bring a suit thereon; and the act of 1865, is broad, and applies to this case. 2. The certificate of Tracy was properly excluded. It was immaterial, because it gave no authority to cut or remove, and it was forfeited before the cutting.

Lyon, J.—This action is to recover damages for the cutting and carrying away of a quantity of timber by the defendants, from lands of the plaintiff. These were swamp lands, were conveyed to the plaintiff by the state, and the patent therefor is dated January 18th, 1871. The timber in question was so cut and taken away during the winter of 1869–70.

The action was brought under the provision of chap. 520, Laws of 1865. The portion of that act which is applicable to the case is as follows: "Any person who shall hereafter enter and receive a patent for any school, university, swamp or other state land, shall thereby also acquire the right to all timber, lumber, trees, wood, bark, stone, earth, mineral, or other materials, cut upon or removed from such land before the issue of such patent, unless the same shall have been cut or removed with the assent of the proper state authorities, or sold by the state; and he may seize, sue for and recover such materials, as if the same had been cut or removed from such land after the issue of such patent. The person so obtaining a patent may also bring an action for any trespass upon or other injury to such lands committed before such patent shall issue, against the person or persons committing such trespass or other injury, in the manner and with like effect, and he shall be entitled to like damages, as if such trespass or other damages had been com-

mitted after the patent had issued; *provided*, that any such purchaser of land previously reported to the commissioners of school or university lands as trespassed upon, shall pay, in addition to the price thereof, the penalty of fifty per cent. fixed by chapter 233, General Laws of 1864, and thereupon any material seized shall be released to him."

The patent to the plaintiff from the state was read in evidence under objection, and the plaintiff introduced testimony tending to prove the cutting and taking away of the timber in controversy by the defendants.

A motion for a nonsuit was made on behalf of the defendants, and denied by the court.

The defendants then offered evidence to prove that a certificate of purchase of the same lands, bearing date July 20th, 1857, had been issued by the school land commissioners to one Tracy; that Tracy made all payments thereon which became due to the state up to January 1st, 1870; and that, for non-payment of interest, the land was forfeited, and resold to the plaintiff.

The admission of this evidence was objected to by the plaintiff, except to show that the trespass was not willful. The attorney for the defendants then stated to the court that the same was not offered for that purpose, and thereupon the court sustained the objection, and rejected the evidence so offered. The defendants also introduced testimony on the question of damages. One of the defendants, *W. G. Whorton*, was called, as a witness by the defendants, and testified on his direct examination to the value of the timber in controversy. On his cross-examination, he testified that they sold some of it, and he was then asked, " What did you get for the timber you sold ? " The court overruled an objection that the question was irrelevant, immaterial and incompetent, and permitted the witness to answer it.

The jury found for the plaintiff and assessed his damages at five hundred dollars. Judgment was entered upon the verdict, from which judgment the defendants have appealed to this court.

I. Conceding that all of the timber was so cut and taken during the time Tracy held the certificate for the purchase of the land and before the same was forfeited, can this action be maintained?

Unless it is defeated by Tracy's certificate, there seems no doubt that the plaintiff has a right of action against the defendants for the timber, although they took it before he became the owner of the land from which it was taken. The statute above quoted gives that right in plain, unmistakable terms. It is not necessary that the patent should contain an assignment of a right of action in such a case. Such right is acquired by the purchaser by the express terms of the law.

How is the plaintiff's right of action affected by Tracy's certificate? This question is not a difficult one. The certificate contains a provision that in case of the non-payment of any interest on the unpaid purchase money within the time prescribed by law, the certificate, from the time of such failure, shall be utterly void and of no effect. This provision is doubtless in strict accordance with the law in that behalf. There was such failure by Tracy to pay interest, by means whereof the certificate became *utterly void* and *of no effect*. After the resale of the land to the plaintiff, his rights as the patentee of the state were precisely the same as though the certificate had never been issued. If this were not so, then, notwithstanding the broad and emphatic language of the law and of the contract contained in the certificate, such certificate, after forfeiture, would not be " utterly void and of no effect." Had the timber been cut and taken away by Tracy, the state, after forfeiture, and before a resale of the land, would have had an action against him therefor ; and when the land is re-sold, the law transfers the cause of action to the patentee. In like manner, in this case, where the timber was cut and removed by the defendants, the state, after forfeiture of Tracy's certificate, and before the sale to plaintiff, had, and since the issuing of the patent, the plaintiff has, a right of action therefor. It is not necessary to consider what the

rights of Tracy were, during the life of his certificate. Whatever they might have been as regards any claim for damages against these defendants, they reverted to the state by the forfeiture, and by means of the patent passed to the plaintiff under the law of 1865. It necessarily follows from these views that the circuit court was correct in admitting the patent to plaintiff in evidence, and also in rejecting the offered testimony in regard to the certificate of Tracy and the forfeiture thereof.

II. It is claimed that the plaintiff should have been nonsuited because he failed to show affirmatively that the state officers had not sold the timber to the defendants or their assignors; or that the timber was not cut with the assent of the state authorities; or, that the trespass had not been reported to the state; or, if reported, that the plaintiff had paid the fifty per cent. penalty.

If it was necessary in the first instance for the plaintiff to prove the existence or non-existence of either or all of these conditions (a point which we do not decide), the legal presumption from the record before us is, that he made the requisite proofs. The bill of exceptions does not purport to contain all of the testimony; and, in the absence of a statement therein to that effect, we must presume, in support of the verdict and judgment that every fact which was essential to a recovery by the plaintiff, was duly proved on the trial. This rule is too well settled to require the citation of authorities to sustain it. The motion for a nonsuit was, therefore, properly denied.

III. It is objected that the damages assessed by the jury are excessive. But an application of the rule stated in the last preceding paragraph will preclude us from so holding. We must presume that the evidence, in this particular also, sustains the verdict.

IV. The only remaining objection is, that the court erred in permitting the defendant Whorton, when on the stand as a witness, to answer the question mentioned in the statement of the

Vol. XXIX.—31

case. We think it entirely clear that, when a witness has testified in chief to the value of a piece of property which he has bought or sold, he may be asked, on cross-examination, what he paid for it or what he got for it, and that it is not error to permit the question to be answered.

Finding no error in this record, we must affirm the judgment of the circuit court.

*By the Court.*— Judgment affirmed.