SMITH, Appellant, vs. MORGAN and others, Respondents.

*February 5 — March 1, 1887.*

*Logs and timber: Public lands: Wrongful cutting: Measure of damages: Joinder of parties.*

The holder of school-land certificates sold the timber on the lands to M. Bros., and they contracted with S. for cutting the timber on shares. After the timber had been cut the lands became forfeited to the state for nonpayment of taxes and interest, and were resold to the plaintiff, who, after obtaining a patent, brought an action against M. Bros. and S. for the value of the timber cut. The defendants answered that they had purchased the timber in good faith from the holder of the school-land certificate, and had cut and removed the same in good faith, believing that they had the right to do so. *Held:*

(1) There being no affidavit that the cutting was done by mistake (sec. 4269, R. S.), and the defendants not having "in good faith acquired a title to and entered upon the land under the same,

believing such title to be valid " (ch. 239, Laws of 1882), the plaintiff was entitled to recover the highest market value of the logs or the lumber made from them, under sec. 4269, R. S.

(2) The action was maintainable against all the defendants jointly.

APPEAL from the Circuit Court for *Washington* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

August 28, 1874, one Joseph H. Porter, at a sale of school and university lands, bid in the several pieces of land in question situated in section 16, township 36 N., of range 12 E., and obtained from the state the usual commissioners' certificates thereof. For several years the interest and taxes were paid as they became due, until April 28, 1880, when the last payment was made. Prior to the winter of 1880–81, the defendants, the *Morgan Bros.*, of Oshkosh, purchased about 1,500,000 feet of timber from said Porter, a portion of which was on the land in question, and the rest on other lands in the same vicinity, and all near Rice lake, and paid Porter therefor. During that winter the *Morgan Bros.* agreed with the defendant *Streeter* to cut and put in on the bank of said lake all of said timber, he to have therefor two thirds of the logs therefrom, and they to retain the other one third. The taxes and interest not having been paid as required in said certificates, the lands in question became forfeited to the state; and December 15, 1881, they were resold to the plaintiff, who thereupon took school-land certificates therefor; and December 22, 1883, the plaintiff, having fully paid the amount required by such certificates, obtained a patent from the state for the lands in question.

February 15, 1884, the plaintiff commenced this action for the value of the timber so taken from said land, claiming that 650,000 feet had been so wrongfully taken therefrom without authority by the defendants and converted to their own use, and that the highest market value of the same was $15 for each 1,000 feet, and claimed as damages therefor

$9,750. The answer admitted that the plaintiff had received a patent from the state, as claimed, and alleged that the defendants had taken from said lands only 65,000 feet, of the value of $130, and that the same was so taken in good faith and under the belief that they had the just and legal right so to do. On the trial the defendants amended the answer by stating therein, in effect, that the defendants so purchased the timber in good faith of Porter, who at the time of purchase and cutting held such school-land certificates, upon which there had been no forfeiture of interest at the time of such purchase.

On the trial the jury returned a verdict in favor of the plaintiff for $442.10, and from the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Cate, Jones & Sanborn*, and oral argument by *Mr. Jones*.

For the respondents there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Thompson*.

CASSODAY, J. The amount of timber taken from the lands in question by the defendants in the winter of 1880–81 was in dispute. The *Morgans* claimed the right to the timber by an agreement with Porter, whom they paid for the privilege of cutting and taking off the same. Porter merely held school-land certificates for the lands, but had no title. The *Morgans* were to let *Streeter* have two thirds of the logs taken from the land, in payment for cutting and putting them in. Before the cutting, the *Morgans* gave to *Streeter* descriptions of the lands in question, among others, from which he was by them directed to cut. The *Morgans* bought of *Streeter* his portion of the logs, and manufactured them all into lumber at Oshkosh. They claim they are only liable for the stumpage value of the logs.

The only questions necessary to consider here are the plaintiff's right to recover, and the rule of damages appli-

cable. There is no pretense that the school-land commissioners gave to Porter or the defendants, or any of them, any " written consent," or any consent, to cut or remove from said lands the timber in question, or any of it. This being so, such certificate so held by Porter conferred no right to cut down or carry off any standing wood or timber, except to be exclusively used in the erection of fences or buildings on such land, or for necessary fire-wood thereon, or for improving the same in good faith for cultivation. Sec. 220, R. S. There is no claim that any of the timber so cut came within any of such exceptions. After the forfeiture of the lands under the certificates so held by Porter, such certificates became utterly void and of no effect. Sec. 224, R. S.; *Conklin v. Hawthorn*, 29 Wis. 476. By reason of such forfeiture, Porter, and the defendants acting under him, were liable to be sued for any waste or any unnecessary injury which he or they had done to the same or to the timber thereon, and the commissioners were expressly authorized to prosecute any action therefor in the name of the state. Sec. 226, R. S. Had Porter, after such removal of timber and forfeiture, sought to obtain a patent, he would only have had a right thereto " by paying the amount then due the state on such certificates, with all legal charges, and in addition thereto one hundred per centum thereon penalty, and all the expenses of seizure and care." Sec. 241, R. S. The plaintiff, having received the patent for the lands in question pursuant to law, thereby acquired the right to all timber, lumber, trees, wood, etc., cut, taken, or removed therefrom before the issuance of such patent, and was thereby authorized to maintain any proper action for the recovery thereof, or for any injury done to, or trespass committed upon, said lands before such patent issued, in the same manner and with the like effect as if such injury or trespass had been committed after the patent had issued. Sec. 222, R. S.; *Conklin v. Hawthorn*,

*supra.* Under the statutes cited there would seem to be no doubt as to the right of the plaintiff to maintain the action for the value of the timber so actually cut and removed from the land in question.

The question remains as to the proper measure of damages. The section of the statutes last cited provides that the person receiving such patent "shall be entitled to *like damages* as if such injury or trespass had been committed after the patent had issued." Sec. 222. In such case, "the highest market value of such logs, timber, or lumber, in whatsoever place, shape, or condition, manufactured or unmanufactured, the same shall have been at any time before the trial while in the possession of the trespasser or any purchaser from him with notice, shall be found or awarded to the plaintiff if he succeed, except as in this section provided." Sec. 4269. The only provision therein for enabling such trespasser or purchaser with notice to escape the payment of such highest market value, is to make and serve on the plaintiff the affidavit that such cutting was done by mistake, and therewith an offer in writing to allow judgment, etc. No such affidavit or offer was made in the case at bar. Another provision for enabling such trespasser, or purchaser with notice, to escape the payment of such highest market value, was enacted by ch. 239, Laws of 1882. That provides, in effect, that when the defendant in such action shall have in good faith acquired a title to and entered upon the land under the same, believing such title valid, and shall have cut the timber therefrom under such circumstances, then the plaintiff's recovery shall be limited to actual damages sustained by reason of such cutting; in which case the defendant in his answer shall state the facts upon which he relies to establish such claim of title, etc. The defendants apparently sought to bring themselves within that provision, but the facts clearly do not. The title to the lands was in the state. Porter had no title au-

thorizing him to cut and remove timber from the land for the purpose of manufacture and sale, and could confer none upon the defendants or any of them. Neither he nor they could, as against the state or its grantee, in good faith acquire title to or enter upon the land under the same, believing such title valid. They were each and all chargeable with knowledge of the provisions of the statute. Those who trespass upon the public lands or purchase with notice from such trespassers do so at their peril. As a general rule the state is not to be bound by general words in a statute, restrictive of prerogative right, title, or interest, unless expressly named. *U. S. v. Herron,* 20 Wall. 251; *Palmer v. Hutchinson,* 6 App. Cas. 619, 34 Eng. (Moak), 666; *People v. Herkimer,* 4 Cow. 345, 15 Am. Dec. 379, and cases cited in the notes. *Streeter* cut the timber from these particular lands in pursuance of previous directions given therefor by the *Morgans.* There being no affidavit of mistake, and the facts not being such as to bring the case within the provision of ch. 239, Laws of 1882, it is conclusively presumed that the defendants knew the title was in the state at the time of such entry. It follows that, under the statute, the plaintiff was entitled to such highest market value.

The charge contains this instruction: "If the jury find from the evidence that the defendants purchased the timber in good faith, and entered upon the land and cut and took the logs believing in good faith that they had acquired title to such timber, then the plaintiff is only entitled to recover actual damages sustained by him by reason of such cutting, and is not entitled to recover the market value of the logs or lumber so made out of such logs." This was error under the rule stated. The instructions requested to the contrary should have been given.

The action is maintainable against all the defendants jointly. *Smith v. Briggs,* 64 Wis. 497.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.