WHORTON, imp., vs. WEBSTER and another, imp.

*September 27 — October 14, 1884.*

*Findings: Evidence.*

Findings of the trial court as to the quality and value of timber are *held* to be sustained by the evidence.

APPEAL from the Circuit Court for *Monroe* County.

After the decision of this court on a former appeal (56 Wis. 356), the place of trial was changed to Monroe county for the reason that Chas. M. Webb, one of the attorneys for the *Whortons*, had been appointed judge of the seventh judicial circuit. This appeal is by the *Whortons* from an

order entered upon the accounting had in pursuance of the direction of this court upon said former appeal.

For the appellants there was a brief signed by *Webb & Cochran* and *Geo. R. Gardner*, attorneys, and *Wm. F. Vilas*, of counsel, and the cause was argued orally by *Mr. Vilas* and *Mr. Gardner*.

*Moses Hooper*, for the respondent.

COLE, C. J. In the accounting in this case the parties practically agreed as to the quantity of timber cut each season for which the appellants should account under the former decision. The only controversy is as to the value of this timber. The learned circuit court found the value of that cut in 1877–8 to be $1.25 per thousand feet, and that cut in 1878–9 to be $1.50 per thousand. The learned counsel for the appellants contend that this estimate is too high, and that justice requires it should be reduced for each season. It cannot fairly be claimed that there is not ample testimony to support these findings. It is conceded that there is an inherent difficulty in determining the question as to the value of the property, which rests so largely upon the opinions of witnesses, which are often quite diverse. In this case there is a great discrepancy in the estimates of the witnesses as to the value of the timber. The circuit court fixed the value higher than the estimates of the appellants' witnesses, and lower than those of the respondent's; but the reduction of the values was at a greater percentage than the increase.

It is obvious that the question involved is one of fact merely. This court has many times said that it would not reverse the findings of the trial court on questions of fact, unless there was a preponderance of evidence against such findings. We fail to see anything in the record which warrants us in holding that the clear weight of testimony is opposed to the conclusions reached by the court below as to the value of the timber cut either season. It is said that the

estimates made by appellants' witnesses are more reliable, entitled to greater credit, than those of the respondent, both in respect to their business qualifications, sound judgment, high character as business men, and on account of their superior knowledge of what they were called upon to testify. It is true, some of these gentlemen are known to members of this court as men of intelligence and of unquestioned integrity of character. But the same remark could be made in respect to some of the respondent's witnesses; and these latter gentlemen were certainly quite familiar with the lumbering business, and had more or less knowledge of the timber and land under investigation.

It was further said by the same counsel that the respondent's witnesses, in fixing the value of the timber, proceeded on the theory that the timber actually cut was of good quality, and of a kind which the first cutting yields, while the evidence shows that the land had been cut upon, and the timber culled before the season of 1877–8. But on this point there is likewise a decided conflict in the testimony. Some of the appellants' witnesses say that the lands had been cut over and the timber culled out before that year, while the witnesses on the other side testify that the timber had not been culled, but that where chopping had been done on the lands there had been a "clean cut." However, it would serve no useful purpose to dwell upon these conflicting statements of the witnesses, or to discuss the evidence; and we shall not do so. It is sufficient to say that, after carefully considering all the testimony, we do not feel justified in holding that the estimates made by the court below as to the value of the timber cut either season went upon a false basis, or that they are higher than the proofs in the case fairly warrant. There is abundant testimony to sustain the findings, and the order of the circuit court must therefore be affirmed.

*By the Court.*— Order affirmed.