Moore, Respondent, vs. Ellis, Appellant.

*November 19 — December 11, 1894.*

(1) *Pleading: Service out of time: Waiver.* (2–4) *Value of services: Evidence.* (5, 6) *Appeal: Remitting record for amendment: Taxation of costs.*

1. Receiving without objection and retaining a reply served out of time is a consent to such service and a waiver of the default.

2. In an action upon notes, where defendant counterclaimed $364 for services as attorney for the payee, who had since died, a verdict allowing him $52 is *held* not so clearly against the evidence as to justify a reversal.

3. A jury is not bound to credit the testimony of a party on his own behalf as to the amount and value of services rendered by him, even when he is not contradicted by any other witness.

4. The opinions of experts as to the value of such services is not conclusive upon the jury, but advisory only.

5. After the time has passed within which the appellant could, as a matter of right, require a bill of exceptions to be settled or amended, it is a matter very much in the discretion of the appellate court whether the record shall be remitted to enable him to ask for an amendment; and where his application to have the record remitted is delayed until the cause is reached for argument, a strong case should be made.

6. In this case the sum of alleged errors against the plaintiff in the taxation of costs being small and nearly or quite offset by errors in his favor, an application, made at the argument, to have the record remitted so that the taxation proceedings might be made a part thereof, is denied.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This is an action to recover the amount due upon two promissory notes executed by the defendant to one F. A. Moore. There was no defense against the notes, but the answer set up a counterclaim for services rendered by the defendant to F. A. Moore for $364.61. The verdict was for the plaintiff for the amount of the notes, less $52 allowed on the counterclaim; and judgment was for the plaintiff for that sum, less $29.60 remitted by the plaintiff. Judgment was for plaintiff for $497.90, from which the defendant appeals.

*J. F. Ellis,* appellant, *in pro. per.*

For the respondent there was a brief by *Doolittle & Shoemaker,* and oral argument by *L. A. Doolittle.* They argued, among other things, that a paper improperly or irregularly served must be returned within a reasonable time or the ir-

regularity is waived. *McGown v. Leavenworth*, 2 E. D. Smith, 24; *Georgia L. Co. v. Strong*, 3 How. Pr. 246; *Knickerbacker v. Loucks*, id. 64; *Courtland Co. Mut. Ins. Co. v. Lathrop*, 2 id. 146; *Wright v. Forbes*, 1 id. 240; *Baker v. Curtiss*, 7 id. 478; *Hollister v. Livingston*, 9 id. 140. The defendant being an interested witness, the jury were not bound to believe him. *Koehler v. Adler*, 78 N. Y. 287; *Kavanagh v. Wilson*, 70 id. 177. The taxation of costs cannot be reviewed, because neither the bill of costs as taxed nor the defendant's exceptions thereto were incorporated in the bill of exceptions. *Cord v. Southwell*, 15 Wis. 211; *Edleman v. Kidd*, 65 id. 18.

NEWMAN, J. The appellant alleges three errors for which the judgment should be reversed: (1) That he was entitled to a judgment on his counterclaim for want of a reply; (2) that on the evidence he was entitled to a much greater allowance on his counterclaim; (3) that illegal costs have been taxed against him.

The reply was served after the time limited for its service had expired. The time for service of a reply had been extended by an order of questionable validity. But the defendant received it without objection, and retained it. This was consent to service out of time, and a waiver of the default.

F. A. Moore is dead. The services mentioned in the counterclaim were rendered to him in his lifetime, and many years ago. The testimony which shows the services and tends to support the counterclaim is mostly, if not entirely, the testimony of the appellant himself. It seems that, at the time when these services were rendered, the appellant was doing other business for Mr. Moore, and that the appellant made no charges on his books, neither at the time nor afterwards, for these services. It does not appear that he ever claimed pay for these services from Mr. Moore, although doing business for him and with him for many years after.

And other circumstances were in evidence tending to show that he did not then, nor for a long time afterward, intend to make a charge against Mr. Moore for those services; and that Mr. Moore so understood it. The court charged the jury upon this subject, in effect, that an intention at the time of rendering the services not to charge for them would not prevent the appellant from recovering for them, and that he was entitled to recover for them "unless *Mr. Ellis's* conduct and course of dealing was such as to justify Mr. Moore in believing and understanding that no charge was intended." Again: "If Mr. Moore thought the services were gratuitous, in the light and view of the charge I have given you, and was justified in that belief, and *Mr. Ellis* intended at no time to charge him for those services while being rendered, then, of course, nothing will be due him, and you will deduct nothing." The charge in this respect seems to be correct, as applied to the subject matter, and as favorable to the appellant as the evidence would warrant.

The appellant says that the undisputed evidence shows that the services rendered were worth more than the jury allowed him. It is to be borne in mind that the testimony which tended to prove the performance of these services, and their amount, and the circumstances under which they were rendered, was the appellant's own testimony. The jury was not bound, as a matter of law, to credit the testimony of a witness so interested, given on his own behalf, even when uncontradicted by any other witness. *Elwood v. W. U. Tel. Co.* 45 N. Y. 549; *Kearney v. New York,* 92 N. Y. 617. Besides, often the witness is, as in this case, to a greater or less extent discredited by circumstances which are in evidence. Nor were the opinions of experts on the value of the services conclusive upon the jury. Such opinions are advisory only. The jurors must, in the end, use their own judgment in determining the value of the services, guided by the evidence and assisted by the opinions of the

experts.   The verdict is not so clearly against the weight of the evidence as to justify a reversal on the ground that the verdict is against the weight of evidence.

It is doubtful if the proceedings in the taxation of costs are properly before the court.   While they appear in the return, they are not in the bill of exceptions, and so are not in the record.   Application was made, at the argument, for an order to remit the record to the circuit court, to the end that such proceedings be made a part of the record.   But it is doubtful if the appellant could compel an amendment of the bill of exceptions, even if the record should be remitted. The time is past in which he could, as matter of right, require a bill of exceptions to be settled or amended.   He could have it amended only by permission of the circuit court, on terms and for good cause shown.   Whether the record shall be remitted for the purpose of that experiment, is very much in the discretion of this court.   When applica- tion, for such a purpose, is delayed until the cause is reached for argument, a strong case should be made.   The sum of errors against the appellant claimed is small.   They seem to be nearly or quite offset by similar errors in his favor.   The matter seems to be of too little value to justify the delay and expense of remitting the record.

*By the Court.*— The judgment of the circuit court is af- firmed.