## Terre Haute & Ind. R. R. Co. v. Wiley Smith.

1. EVIDENCE—*Ownership of Land.*—In an action against a railroad company to recover double the value of a fence built by the plaintiff under the provision of Par. 66, Ch. 114, R. S., where it appeared that the plaintiff and his grantors had been in possession of the land upon which the fence was built for many years, claiming to own it, *it was held* sufficient, in the absence of opposing proof, without producing the title papers.

2. SAME—*The Cost of a Thing.*—The cost of a thing is some evidence of its value, but is not conclusive.

3. FENCES—*Actions to Recover Double Value.*—In an action against a railroad company to recover double the value of a fence built by the plaintiff under the provision of Par. 66, Ch. 114, R. S., the value of the fence is the basis of calculation, for the statute gives a right of recovery for double the value.

Debt, to recover a penalty. Appeal from the Circuit Court of De-Witt County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

MOORE & WARNER, attorneys for appellant; T. J. GOLDEN, of counsel.

To recover under the statute relied upon by the appellee in this case, it was necessary that he aver and prove either that he owned or occupied the land adjacent to appellant's right of way, and having elected to give the notice, and declare as owner, the title was made material and he was compelled to affirmatively show it in himself by competent testimony in order to recover. Miss. River Bridge Co. v. Langan, 91 Ill. 508; Mosher v. Rogers, 3 Ill. App. 577.

The record of a deed can only be given in evidence to prove title when the party desiring to introduce it states on oath that the original is lost, or not in his power, and that to the best of his knowledge it was not intentionally destroyed or in any manner disposed of for the purpose of introducing a copy thereof instead of the original. Sec. 36, Ch. 30, R. S., Par. 37, 1 S. & C. 598; Phenix Ins. Co. v. Mechanics and Traders Bldg. Ass'n, 51 Ill. App. 480.

The appellee is limited to the cause of recovery set out in his notice and declaration. Quincy Coal Co. v. Hood, 77 Ill. 68; C. & A. R. R. Co. v. Mitchell, 83 Ill. 427; Trude v. Meyer, 82 Ill. 535; Kellogg v. Wilson, 89 Ill. 357; Bellinger v. Hersey, 90 Ill. 70; Hite v. Wells, 17 Ill. 88; Tracy v. Rogers, 69 Ill. 662; T., W. & W. v. Morgan, 72 Ill. 155.

If there is a material variance between the allegations and proofs it is fatal. City of Bloomington v. Goodrich, 88. Ill. 558; C., R. I. & P. R. R. Co. v. Todd, 91 Ill. 70; Hite v. Wells, 17 Ill. 88; T., W. & W. v. Morgan, 72 Ill. 155.

The fence contemplated by the statute is one inclosing the railroad right of way, and on the line between it and adjoining land, and no other fence can be built and recovered for under this statute. Secs. 1, 3 and 4, of an act in relation to fencing and operating railroads, Chap. 114, R. S., paragraphs 62, 65 and 66; Ch. 114, 2 S. & C., 1927 and 1934; Kennedy v. Owen, 131 Mass. 431; W., St. L. & P. Ry. Co. v. Zeigler, 108 Ill. 304; O. & M. Ry. Co. v. The People ex rel., 121 Ill. 488–491.

The statute authorizing the building of such fences and

the recovery of double the value thereof, with one per cent interest per annum thereon, is a penal one and must be strictly complied with.    W., St. L. & P. Ry. Co. v. Zeigler, 108 Ill. 304.

Chas. R. Adair and R. A. Lemon, attorneys for appellee.

The appellee was in the possession and occupancy of the land; his possession was *prima facie* evidence of a fee simple title in him.    No attempt was made to overcome this presumption by any proof offered by appellant.    Abney et al. v. Austin, 6 Ill. App. 49, 52; 2 Greenleaf on Evidence, Sec. 309; Harland v. Eastman, 119 Ill. 22; Riverside Co. v. Townshend et al., 120 Ill. 9; I. C. R. R. Co. v. Houghton, 126 Ill. 233; I. C. R. R. Co. v. O'Conner, 154 Ill. 550.

Mr. Justice Wall delivered the opinion of the Court.

This was debt to recover double the value of a fence built by the plaintiff under the provision of Par. 66, Ch. 144, R. S.

The issues were submitted to the court and there was a finding for the plaintiff, damages $363.40, upon which judgment was rendered accordingly, from which the defendant has prosecuted the present appeal.    The plaintiff averred that he was the owner of the east half of the southwest quarter of Sec. 30, etc., and that the east line of his land was the west line of the right of way of the defendant.    It is objected that by the notice the defendant was required to build the fence on the land of the plaintiff.    Construing the notice with reference to the location of the holdings of the parties, we think it means, though somewhat awkwardly worded, that the fence was to be along the line of division. It is objected that the north half of the fence was built on the land of the defendant, and the south half on the land of the plaintiff, but we are inclined to agree with the trial court that it was built on the dividing line.

There was some confliction in the proof as to where the line was, but there is no sufficient reason for overruling the conclusion reached in that respect.    It is argued that there was no proof plaintiff was the owner of the land claimed by

104    APPELLATE COURTS OF ILLINOIS.

him. It appeared that he and his grantors had been in possession for many years, claiming to own it. This was sufficient without producing the title papers in the absence of opposing proof. Herbert v. Herbert, Breese R. 278; Keith v. Keith, 104 Ill. 397; Adams on Ejectment, 4th Ed., 137, 324; Greenl. on Ev., Vol. 2, Sec. 309.

This disposes substantially of the objections urged by appellant, and we pass to the cross-error assigned by appellee, that the court should have taken the sum of $202.46 as the value of the fence, instead of $181.60.

The difference, $20.88, is claimed as the cost of removing an old hedge that stood on the line. In his testimony the plaintiff stated, first, that the sum of $181.46, which he said was the cost of the fence, "included the cost of clearing away the old hedge," but afterward, on cross-examination, he said it did not. Perhaps the court may have preferred to believe his first statement.

The value of the fence is the basis of calculation, for the statute gives a right of recovery for double the value. The cost of a thing is some evidence of its value, but is not conclusive. However this may be, the abstract fails to show an exception by plaintiff to the decision of the court; and so counsel, in urging the cross-errors, admits, but he says the record shows it.

If the abstract is not perfect, or sufficiently so for any purpose of the appellee, he should present an additional abstract under the rule.

We are not inclined to search the record in order to find reasons for sustaining cross-errors, especially when the result would be to increase a judgment on a penal statute.

The judgment will be affirmed.