(24 Misc. Rep. 107.)

### COFFIN v. McLAUGHLIN.

(Supreme Court, Special Term, New York County. June, 1898.)

PREFERENCE CALENDAR—SUFFICIENCY OF NOTICE.

Rule 10, special term rules of the First department, provides that, in all actions for foreclosure, either party may apply on two days' notice to the adverse party to have the cause placed on the preferred calendar, which the court may do. Code Civ. Proc. § 793, provides that any party desiring a preference shall serve with his notice of trial a notice of such motion. A cause was noticed for trial, and the notice stated that a preference was claimed on the ground that it was for the foreclosure of a mortgage, and the trial would not be protracted. Afterwards notice of the motion for preference and affidavit was served for the same day as the notice of trial. *Held*, that the application was addressed to the discretion of the court under the rule, and not as of right under the statute, and therefore service of the notice of motion with the notice for trial was not necessary, since the statute did not apply.

Action by James B. McLaughlin against Charles C. Coffin. Heard on plaintiff's motion for a preference on the calendar. Motion granted.

J. M. Bowers, for the motion.
J. W. Boothby, opposed.

GILDERSLEEVE, J.  This is a motion for a preference under rule 10 of the special term rules of the First department. The rule is as follows:

"In all actions brought for the foreclosure of a mortgage or for the foreclosure of mechanics' liens, either party may apply to the special term, part 3, upon notice of two days to the adverse party to have the cause placed upon the preferred calendar, to be called in part 3 of the special term, and if it shall appear to the court upon such application that the trial will not be a protracted one, or that for any special reason the case should be promptly disposed of, it shall be placed upon the preferred calendar for trial."

On April 5, 1898, the following notice of trial was served upon the defendant's attorney, viz.:

"Please take notice that the issues of law and fact in this action will be brought to trial, and application for judgment for the relief demanded in the complaint herein, together with costs and an extra allowance will be made at a special term of this court, appointed to be held in and for the county of New York, at the county court house, in the borough of Manhattan, city of New York, on the first Monday of May, 1898, at 10:30 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard. A preference is claimed for the above-entitled action, on the calendar of this

court, on the ground that it is brought for the foreclosure of a mortgage, and the trial thereof will not be a protracted one, and a motion will be made at a special term, part 3 of this court, to have this action so preferred."

On April 21, 1898, an affidavit stating facts tending to show that the cause would not be a protracted one, and stating that the action was for the foreclosure of a mortgage, was served on defendant's attorney, together with a notice of motion thereon, for a preference. The notice was for the first Monday of May, at 10:30 a. m., the same day for which the cause was noticed for trial, as we have seen. The sole objection raised by defendant in opposition to the motion is that plaintiff failed to comply with the requirements of section 793 of the Code, inasmuch as his affidavit and notice of motion thereon were not served with his notice of trial. Section 793 provides that the party desiring a preference of any cause shall serve upon the opposite party, with his notice of trial, a notice that an application will be made to the court, at the opening thereof, for leave to move the same as a preferred cause. The appellate division, in the case of Marks v. Murphy, 27 App. Div. 160, 50 N. Y. Supp. 622, has held that the rule that the notice of motion must be served with the notice of trial will be strictly enforced where the motion is made solely as a matter of right under the statute, and not addressed to the discretion of the court. Without stopping to discuss the question whether or not the plaintiff has substantially complied with this rule by reason of the addition to the notice of trial above quoted, we may say that this motion is made, not under section 793 of the Code as a matter of right, but is addressed to the discretion of the court, under rule 10. It therefore seems that the case above cited does not apply. As we have seen, both the notice of trial served on April 5th and the notice of motion served on April 21st were for the first Monday of May, at 10:30 a. m. The defendant does not pretend that he has been surprised or in any way prejudiced by the neglect of the plaintiff to serve the affidavit and notice of motion thereon on the same day or at the same time as he served the notice of trial. Defendant relies wholly on the technical defect alleged to exist in plaintiff's practice. I do not think this technical objection can be sustained. The affidavit and pleadings indicate that the trial will not be a protracted one, and that this application is within the requirements of rule 10. The motion should therefore be granted.

Motion granted.