(29 Misc. Rep. 424.)

## GERMANIA LIFE INS. CO. v. POWELL.

(Supreme Court, Special Term, New York County. November, 1899.)

1. MORTGAGES—FORECLOSURE—TRIAL—MOTION FOR PREFERENCE—NOTICE.

Code Civ. Proc. § 793, requiring notice of motion for preference to be served with the notice of trial, does not apply to motions for preference, addressed to the discretion of the court, under rule 10 of the special term rules, providing that in actions to foreclose mortgages either party may, on two days' notice, move to have the case placed on the preferred calendar.

2. NOTICE OF TRIAL—SERVICE BY MAIL.

An objection that a notice of trial was served by mail without sufficient postage is waived by accepting the notice and failing to return it.

3. SAME—TIME.

Under Code Civ. Proc. § 798, requiring double time when a paper is served by mail, a notice of trial so served does not require double the time specified in section 977, requiring such notices to be served 14 days before the term, since section 798 excepts such notices, and provides that they may be served by mail 16 days before the term.

Action by the Germania Life Insurance Company against Henry W. Powell. Motion for preference. Granted.

Shipman, Larocque & Choate (I. Washburn, of counsel), for the motion.

Bernard J. Kelly, opposed.

GILDERSLEEVE, J. The action is to foreclose a mortgage. The motion is made for a preference, under rule 10 of the special term rules of this department, on the ground that the trial will not be a protracted one. Objection is made that the notice of motion was not served with the notice of trial. This objection is not tenable, for the provision of section 793 of the Code requiring the notice of motion for a preference to be served with the notice of trial does not apply to motions, under rule 10, addressed to the discretion of the court. See Coffin v. McLaughlin, 24 Misc. Rep. 107, 53 N. Y. Supp. 297. The second objection is that the notice of trial was served by mail, without sufficient postage. This assertion is disputed by the plaintiff; but, even if it be true, the irregularity was waived by the defendant's acceptance of the notice, and failure to return the same. The last objection is that the notice of trial was not served in time, as it was served by mail, and therefore required double the 14 days specified in section 977 of the Code. There is no merit in this contention, as section 798 of the Code provides that notice of trial may be served by mail 16 days before the term, including the day of service, which was the practice followed by the plaintiff herein. The motion is granted, but without costs.

Motion granted, without costs.