## GLASER v. HOME INS. CO.

(Supreme Court, Appellate Term. April 24, 1905.)

1. **FIRE INSURANCE—POLICY—PROOFS OF LOSS—WAIVER—QUESTIONS FOR JURY.**
    Evidence that insurer retained for 60 days, without objection, an unsigned notice of loss, containing an itemized list of articles and value, and, soon after receiving it, offered to pay plaintiff a certain sum as an adjustment of the loss, justified a submission of the question to the jury whether the insurer had waived formal proofs of loss.

2. **SAME—VALUE OF PROPERTY DESTROYED—EVIDENCE—ADMISSIBILITY.**
    In an action on a policy of fire insurance, evidence of the cost price of the articles is admissible to show the amount of loss.
    [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 1695.]

3. **SAME.**
    In an action on a policy of fire insurance, the opinion of a witness as to the value of the property destroyed is admissible.
    [Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2273, 2274.]

Appeal from City Court of New York, Trial Term.

Action by Joseph Glaser against the Home Insurance Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

Sigmund S. Rotter, for appellant.

Richards & Heald (Alfred B. Nathan, of counsel), for respondent.

SCOTT, P. J. Upon a former trial the complaint in this action was dismissed upon the ground that plaintiff had not furnished the defendant with formal proofs of loss, as required by the policy.

It did appear, however, that an unsigned paper had been sent to defendant, containing notice of the fire, and an itemized list of articles and value. While it was conceded that this paper did not amount to, and could not take the place of, formal proofs of loss, yet it was held that there was evidence upon which a jury might find that the defendant had waived such proofs. That evidence consisted of proof that the defendant retained the formal notice for 60 days without objection, and, soon after receiving it, offered to pay to plaintiff the sum of $38 as an adjustment of the loss. The same facts appeared upon the present trial, and justified the submission of the case to the jury on this feature. There is no proof of the amount of plaintiff's loss, but this is due to the fact that all the evidence offered on that point was excluded. Among other things, plaintiff sought to show the cost price of certain articles which had been destroyed. In the case of articles destroyed by fire, such evidence has frequently been held to be competent, and is often the only available evidence. An attempt was also made to prove value by a witness who had some knowledge of the property destroyed, and had been for some years in the business of dealing in secondhand furniture. It may be that he was not a very satisfactory expert, but we think that his evidence should have been received, leaving it to the jury to give it such weight as it deserved.

Judgment reversed and new trial granted, with costs to appellant to abide the event. All concur.