ALLEN, Respondent, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

*February 4—February 21, 1911.*

*Railroads: Fires negligently set: Combustibles on right of way: De-
fective engine: Questions for jury: Evidence: Measure of dam-
ages: Value of property destroyed: Purchase price: Witnesses:
Credibility: False testimony.*

1. Whether or not a fire which destroyed plaintiff's sawmill was
caused by negligence of the defendant railway company in per-
mitting its right of way to become incumbered with dry grass
and other combustible material, which took fire from a passing
engine, is *held* upon the evidence to have been a question for
the jury.

2. Evidence that on previous occasions the engine of a freight train
had thrown sparks or coals upon the right of way was not evi-
dence that the engine of such train threw sparks on the day in
question, in the absence of any showing that it was the same
engine.

3. The value which measures the damages recoverable for wrongful
destruction of property is the reasonable or market value, which
means simply that reasonable sum which the property would
probably bring on a fair sale by a man willing but not obliged
to sell to a man willing but not obliged to purchase.

4. In the case of property not frequently bought or sold, for which
there may be said to be no market, the rules governing the ad-
mission of evidence of value are somewhat elastic, and some-
thing must be left to the discretion of the trial judge.

5. In such a case the price paid for the property may be shown if
the purchase was made shortly before the loss; but where, as
in this case, it appears that the greater part of the property had
been purchased four years before and had been through one fire,
evidence of the purchase price is not admissible.

6. False testimony given by a witness as to a material fact must
have been wilfully false in order to justify rejection of his other
testimony not corroborated by credible evidence.

APPEAL from a judgment of the circuit court for Florence
county: JOHN GOODLAND, Circuit Judge.   *Reversed.*

*William G. Wheeler,* for the appellant.

*W. B. Quinlan,* for the respondent.

Winslow, C. J.    The plaintiff sued for the value of a portable sawmill and appurtenances which on September 21, 1908, were destroyed by a fire alleged to have been negligently set by the defendant.    There was a general verdict for the plaintiff, assessing his damages at $2,000, and from judgment thereon the defendant appeals.

There were two grounds of negligence alleged: *first,* that the right of way was allowed to become incumbered with dry grass and other combustible material which took fire from a passing engine; and, *second,* that the engine itself had no proper appliances for preventing the escape of sparks.

The contention is made that there was no sufficient evidence to go to the jury in support of either ground of negligence.

The evidence shows that the railroad track at the point in question is straight and runs nearly east and west, but somewhat north of west.    The plaintiff's sawmill outfit was located on the bank of a small lake on premises immediately south of the right of way, and was unoccupied at the time of the fire.    There is a steep up-grade as the track goes westward.    A witness who lives about a mile west of the mill testified that a few minutes after the passage to the west of the regular way freight train, at about 1 o'clock on the day of the fire, he looked from his place down the track to the east and saw a fire starting in the vicinity of the mill which seemed to be on the right of way, and that in about an hour and a half he saw thick smoke which appeared to be over the lake. There was testimony also that the wind was in the northwest on the afternoon in question.    There was also evidence by the plaintiff himself that he examined the surrounding territory on the following day and found no traces of fire leading to the property except from the northwest, and there he found the surface of the ground burnt over from a point inside of the right of way and adjoining the track without interruption in a southeasterly direction down to the place where the mill was situated.    While the evidence was somewhat meager on

the question we are unable to say that there was no evidence to go to the jury.

On the second question, however, we think the appellant's contention must be sustained. Two witnesses gave evidence to the effect that previous to the day in question they had several times seen large sparks or coals on the right of way after the passage of the way freight train in question, but both witnesses testified that they could not identify the locomotive and were unable to say that the locomotive which hauled the train on the day in question was the same which had hauled the train on the days when they saw the coals. There was no other evidence on the point. If negligent construction or repair of an engine is proposed to be shown by the fact that large coals were thrown, it is of course a *sine qua non* that there be evidence identifying the engine which is alleged to be out of repair with the engine which threw the sparks. Proof that one engine threw sparks on one occasion is not proof that another engine threw sparks on an entirely different occasion.

The jury found the value of the property destroyed to have been $2,000. The only evidence on the subject, except as to some minor items of lumber, etc., on hand, was the evidence of the plaintiff, who gave a list of the items of property destroyed with the amounts which he paid for the articles when they were new. The sums on this list aggregated $2,478. The machinery had been in use four years. The engine and boiler were not new when bought, and they had been through one fire, together with the iron work, the carriage, husk, and shafting. The mill had not been running for more than a year.

. It is very evident to our minds that the value fixed by the jury is excessive and that the jury had no evidence before them upon which any satisfactory estimate of value could be made. The value which the law gives is reasonable value, or, as it is sometimes called, market value. This does not mean

that there must be a market at hand where the property could be presently taken and sold, but simply that reasonable sum which the property would bring on a fair sale when sold by a man willing but not obliged to sell to a man willing but not obliged to buy.    This is doubtless difficult to ascertain with regard to property of the character of the property in question, *i. e.* property not frequently bought or sold, situated at a considerable distance from any city or town.    Where the question concerns staple commodities or property for which there is a regular and constant demand, the market price at the place where it was situated when destroyed is ordinarily the proper and perhaps the exclusive measure of the value. But where there is no such market, then the market price at other places, with the cost of transportation or other facts which will enable the jury to form a judgment as to the value at the place in question, may be given.    In case of property for which there is no market even at other places the testimony is allowed to take a yet wider range, and other sales of similar property under similar circumstances at or near the date may be shown, and doubtless opinions as to the reasonable value by witnesses who have had experience in buying and selling such property may be given in evidence.    The price paid for the property may in such cases doubtless be properly admitted if the purchase was made shortly before the loss.    2 Sutherland, Damages (3d ed.) § 445 *et seq.* The rules are somewhat elastic in this later class of cases and necessarily something must be left to the discretion of the trial judge.    But in a case where it appears that the greater portion of the property had been purchased four years before and had been through one fire, we cannot consider evidence of the purchase price as properly admissible.

We call attention to an inaccurate expression in the charge which, while not excepted to, should be guarded against upon another trial.    The court charged that if the jury found that any witness had testified falsely to any material fact his entire testimony, except such part as was corroborated by other

credible evidence, might be rejected. The rule does not go so far as this. The witness must have *wilfully* given false testimony as to some material fact in order to justify the rejection of his other evidence.

*By the Court.*—Judgment reversed, and action remanded for a new trial.

BARNES, J., took no part.