DEVLIN, Respondent, vs. WISCONSIN STORAGE COMPANY, Appellant.

*November 17—December 5, 1911.*

*Liens: Enforcement: Warehousemen: Common carriers: Statutes construed.*

1. Ch. 391, Laws of 1903, entitled "An act to facilitate the sale of perishable or unclaimed property in the possession of common carriers," does not apply to the business of mere storage of goods for hire, but only to such warehousemen as are also common carriers, or to such as perform a service incident to that of a common carrier.

2. Sec. 3347, Stats. (1898), provides for the enforcement of liens of warehousemen engaged in the mere storage of goods for hire, and a sale of goods by such a warehouseman for unpaid storage charges in any manner other than that prescribed by said section is a conversion.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

*George H. Katz,* for the appellant.

For the respondent there was a brief by *Rubin & Lehr,* attorneys, and *W. B. Rubin* and *Max Schoetz, Jr.,* of counsel, and oral argument by *Mr. W. B. Rubin* and *Mr. Schoetz.*

VINJE, J. The defendant corporation is engaged in the business of storing goods for hire. On November 27, 1906, plaintiff delivered to it certain household goods for storage at the agreed rate of $2 per month. The goods remained in the possession of defendant till the 30th day of April, 1910, when it sold them pursuant to the provisions of ch. 391, Laws of 1903, to satisfy storage charges to the amount of $37 then due. Plaintiff made a number of payments on storage within a year previous to the date of the sale of the goods, the last payment having been made on April 12, 1910.

Ch. 391, Laws of 1903, is entitled "An act to facilitate the

sale of perishable or unclaimed property in the possession of common carriers," and sec. 3 thereof relates to property not perishable, and provides that when any such property, *i. e.* property delivered to any common carrier, forwarding merchant, wharfinger, or warehouseman for carriage or storage, "shall not be claimed and taken away within one year after it shall have been so received, the same may be sold," etc. Plaintiff contends that the words "shall not be claimed" are equivalent to "shall be abandoned," while defendant construes them to mean "shall not be *demanded back.*" Applied to the subject matter of the act in question, namely, goods left in the possession of a common carrier for transportation and delivery, it may perhaps be said that goods not called for or not demanded back within a year are abandoned. Not so, however, in the case of a mere storage business such as defendant carries on. There goods may be left for years and be neither unclaimed nor abandoned.

It is evident, upon a careful reading of ch. 391, Laws of 1903, that it applies only to such warehousemen as are also common carriers, or to such as perform a service incident to that of a common carrier. It does not apply to the business of the mere storage of goods for hire. Sec. 3347, Stats. (1898), provides how the lien of such a warehouseman may be enforced. It reads:

"Every person having a lien given by either of the four last sections or existing in favor of any bailee for hire, carrier, warehouseman or pawnee or otherwise, by the common law, may, in case such debt remain unpaid for three months and the value of the property affected thereby does not exceed one hundred dollars, sell such property at public auction and apply the proceeds of such sale to the payment of the amount due him and the expenses of such sale. Notice, in writing, of the time and place of such sale and of the amount claimed to be due shall be given to the owner of such property personally or by leaving the same at his place of abode, if a resident of this state, and if not, by publication thereof once in each

week, for three weeks successively, next before the time of sale in some newspaper published in the county in which such lien accrues, if there be one, and if not, by posting such notice in three public places in such county. If such property exceed in value one hundred dollars, then such lien may be enforced against the same by action in any court having jurisdiction."

Defendant should have proceeded pursuant to the provisions of this section to foreclose its lien for the storage of the goods if it desired to avail itself of its right thereto. Not having done so, it was guilty of a conversion of the goods, and judgment in favor of plaintiff was properly entered.

*By the Court.*—Judgment affirmed.