SCHACHT, Respondent, vs. ORIENTAL STORAGE & TRANSFER COMPANY, Appellant.

*November 1—November 18, 1913.*

*Evidence: Competency: Value of property: Cost: When owner may testify: Fixing value by court: Conversion of goods stored: Proof of ownership: Lien for storage charges: Enforcement: Common carriers.*

1. The owner of property, such as used household goods, which has no established market value is competent to testify to its

value, particularly where such owner purchased the greater part of the goods.

2. The testimony of the owner of such goods that in fixing values she took into account the cost price of the articles, making such deduction as she thought proper to cover depreciation, and that the values fixed by her were reasonable, was competent and tended to prove market value. *Allen v. C. & N. W. R. Co.* 145 Wis. 263, distinguished.

3. Where there is a wide discrepancy between the testimony of the witnesses for the respective parties as to the value of property, the court is not bound to accept the valuation of any witness but may find the value at some intermediate figure.

4. Where goods were left for storage with defendant by a constable who had taken them on a writ of replevin sued out by plaintiff, plaintiff's uncontradicted testimony, given without objection, that she had been awarded the goods in the replevin action and had promptly notified defendant of that fact, was sufficient proof of her ownership to justify a recovery by her for conversion of the goods by defendant.

5. The fact that a storage company is also engaged in the draying business does not make it a common carrier as to that part of its business which consists of storing goods for hire, or entitle it to enforce a lien for storage charges by proceedings under ch. 391, Laws of 1903 (secs. 1646—1 to 1646—3, Stats.); but it must proceed under sec. 3347, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

This is an action for conversion brought to recover the value of two lots of goods consisting of household furniture which plaintiff claimed to own and which were left with the defendant for storage. The first lot was stored in 1908 and the second in 1909. The goods were sold by defendant in March, 1911, to pay storage charges, the first lot being sold for $61 and the second for $18.25. In making the sale the defendant proceeded under ch. 391 of the Laws of 1903. Damages were claimed in the complaint for $1,500. The case was tried in the civil court, a jury being waived. The court assessed the plaintiff's damages at $450, and from a judgment in plaintiff's favor defendant appealed to the cir-

cuit court, where the judgment of the civil court was affirmed. From such judgment this appeal is taken.

For the appellant there was a brief by *Curtis & Mock,* and oral argument by *H. K. Curtis.*

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *W. B. Rubin* and *A. W. Foster,* of counsel, and oral argument by *Mr. Foster* and *Mr. H. B. Walmsley.*

BARNES, J. .The appellant insists that the judgment should be reversed (1) because there was no competent evidence to show that the value of the goods exceeded $100; (2) because the second lot of goods was stored by one O'Malley, and plaintiff had no right to recover therefor; and (3) because the defendant was a common carrier and as such had the right to proceed to sell the goods for unpaid storage charges in the manner in which it did.

1. On the first ground of error it is insisted (a) that plaintiff was incompetent to testify to the value of the goods; (b) that, if she was competent, she adopted an improper basis for determining value; and (c) that in any event there was no evidence which would warrant a recovery of $450.

(a) .The owner of property of this class which has no established market value is competent to testify to its value, particularly where, as in this case, such owner purchased at least the greater part of the goods. *Palmer v. Goldberg,* 128 Wis. 103, 107 N. W. 478; *Farley v. Spring Garden Ins. Co.* 148 Wis. 622 (134 N. W. 1054) and cases cited at p. 627; *Tradewell v. C. & N. W. R. Co.* 150 Wis. 259, 264, 136 N. W. 794.

(b) The plaintiff testified in substance that in fixing her values she took into account the cost price of the various articles and made such deduction as she thought proper to cover depreciation. She further testified that the prices fixed by her were reasonable. The appellant argues that the

reasonable market value of the goods at the time of the conversion could not be fixed in this way, the real issue being, what were the goods reasonably worth, assuming that there was a purchaser who desired to buy but who was not obliged to do so, and an owner who desired but was not obliged to sell. It is obvious that cost and reasonable market value are not synonymous. It is just as obvious that there is no established market value for goods of this class. Their value is affected by age, by the usage which the articles have had, by the present market value of new articles of like character, and by other considerations. While cost does not determine value, it is often a very important factor in arriving at it. In many cases it is one of the elements to be considered in fixing value, and this is particularly true of articles that have no established market value. So it has been held in a variety of cases that, while cost does not fix value, it is evidence of it and may in some instances be quite convincing evidence. *St. Louis & S. F. R. Co. v. Smith,* 42 Ark. 265; *Southern R. Co. v. Williams,* 113 Ga. 335, 38 S. E. 744; *Terre Haute & I. R. Co. v. Smith,* 65 Ill. App. 101; *Swanson v. K. & W. R. Co.* 116 Iowa, 304, 89 N. W. 1088; *Richmond v. D. & S. C. R. Co.* 40 Iowa, 264; *West Chester & W. P. R. Co. v. Chester Co.* 182 Pa. St. 40, 37 Atl. 905; *Kennebec W. Dist. v. Waterville,* 97 Me. 185, 54 Atl. 6; *Rawson v. Prior,* 57 Vt. 612; *Carr v. Moore,* 41 N. H. 131; *Schall v. Northland M. C. Co.* (Minn.) 143 N. W. 357, and cases cited. In *Glaser v. Home Ins. Co.* 47 Misc. 89, 93 N. Y. Supp. 524, it is said that evidence of the cost price of articles destroyed by fire has been frequently held to be proper and that often it is the only evidence available. And evidence of cost is more readily received when other evidence of value is not forthcoming. *State v. Sattley,* 131 Mo. 464, 33 S. W. 41. We think here that the plaintiff's evidence was competent on the question of value, not conclusive to be sure, but still pertinent to the issue and entitled to some con-

sideration. Appellant's counsel seem to think that the contrary is held in *Allen v. C. & N. W. R. Co.* 145 Wis. 263, 129 N. W. 1094. This is a mistake. There the only evidence of value was what certain machinery and sawmill fixtures had cost four years before. In the meantime most of the articles had been through a fire. The cost of the articles was $2,478, and the jury awarded $2,000 damages. It was held that the allowance was excessive and that the jury had no facts before them upon which a satisfactory estimate of value could be based. It is very apparent that there was little relation between cost and market value under these circumstances. In the case under consideration the plaintiff, using cost as a starting point, made what she considered a reasonable deduction for depreciation. At least such is her testimony. It was directed to and tended to prove market value when the conversion took place. The evidence of dealers in second-hand junk who testified for the defendant and who had casually looked at the goods with a view of bidding on them as a job lot is not very persuasive, as it was largely based on what they were willing to bid at the sale. The highest value placed by these witnesses did not exceed $100. The goods were actually sold for about $78.25.

(c) Appellant's counsel seem to think that it was incumbent on the court to find the value of the goods as testified to by some witness, and that an intermediate figure between the value testified to by plaintiff and the highest figure named by any witness for defendant could not be adopted. This is not so. *Whorton v. Webster,* 61 Wis. 219, 20 N. W. 907. The court might well believe that the plaintiff was altogether too partial to herself in fixing values, particularly inasmuch as she had sworn in a divorce proceeding that their value did not exceed $250. It might be said about this, however, that the exact value of the goods was not very important in that action and that it does not appear that the sworn statement was the result of any careful computation

or was in fact anything more than an estimate. The court might also be well satisfied. that the junk dealers were not suffering from heart enlargement when they made their estimates of value. On the whole testimony on this subject of value, which was not very satisfactory on either side, we think the court made a fair assessment.

2. The evidence was sufficient to justify a recovery for the second lot of goods stored in 1909. The goods were left with defendant by a constable who had taken possession of them on a writ of replevin sued out by the plaintiff. She testified that she was awarded the goods and that she promptly notified the defendant of such fact. No objection was taken to the competency of this evidence, and it stands uncontradicted that the plaintiff was the owner of and entitled to the possession of the goods.

3. The appellant did not take the proper steps to enforce its lien for storage charges. It proceeded under ch. 391, Laws of 1903 (secs. 1646—1, 1646—2, 1646—3, Stats.), which provides a summary method of disposing of unclaimed personal property in certain cases. This act was before this court in *Devlin v. Wis. S. Co.* 147 Wis. 518, 133 N. W. 578, and it was there held that it applied only to such warehousemen as were common carriers, and did not apply to the business of storage for hire. The two cases are identical as far as the matter of remedy is involved. It is argued that the defendant is engaged in the draying business and that it is therefore a common carrier. As to that part of its business which consists of storing goods for hire, it is held in the *Devlin Case* that it is not a common carrier. Sec. 3347, Stats., defines the rights and provides for the remedies of a warehouseman for hire in case of failure to pay storage.

*By the Court.*—Judgment affirmed.