MAAS, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*January 16—February 3, 1914.*

*Evidence: Competency: Value of second-hand property: Opinion evidence not binding: Appeal: Reversal: Option to take judgment for smaller sum.*

1. In an action to recover the value of a second-hand feed mill which was lost by a carrier in transit and which had no specific market value, plaintiff having introduced opinion evidence as to its value, it was competent for defendant to show what the mill was bought for about the time of shipment.

2. Opinion evidence as to the value of property which has no specific market value is not binding upon the jury, and they may find a lower or a higher value than the undisputed opinion evidence shows.

3. In an action to recover the value of property which was admittedly lost by a carrier, the amount involved being small, this court, upon reversing a judgment for plaintiff, gives him an option to take judgment for the value placed upon the property by the defendant.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This action was brought to recover the value of a feed mill delivered to the defendant for carriage and which was lost in transit. The only issue in the case was the amount of damages. The court after the evidence was in directed a verdict for the plaintiff for $50. Judgment was entered for plaintiff on the verdict and the defendant appealed.

*Edward M. Smart,* for the appellant.

For the respondent the cause was submitted on the brief of *Eberlein & Eberlein.*

KERWIN, J. Error is assigned (a) in the exclusion of evidence as to price of the feed mill; (b) in admission of opinion evidence; (c) in directing a verdict for plaintiff.

1. Regarding the first assignment of error it appears that the feed mill was a second-hand mill, and the plaintiff introduced opinion evidence as to its value. Defendant attempted to show on cross-examination and otherwise that the mill was bought about the time of shipment for $15. The evidence was excluded. This was error. The property not having a specific market value and the plaintiff having put in opinion evidence of value, it was competent for defendant to show what the property was purchased for about the time of shipment. *Conklin v. Hawthorn,* 29 Wis. 476; *Watson v. M. & M. R. Co.* 57 Wis. 332, 15 N. W. 468; *Uniacke v. C., M. & St. P. R. Co.* 67 Wis. 108, 29 N. W. 899; *Allen v. C. & N. W. R. Co.* 145 Wis. 263, 129 N. W. 1094; *Wells v. Kelsey,*

37 N. Y. 143; *Schacht v. Oriental S. & T. Co.* 155 Wis. 121, 143 N. W. 1058.

2. The second and third assignments of error may be considered together. The court directed a verdict on the opinion evidence of several witnesses who testified to the value of the property, placing it from $50 to $100. The court directed a verdict for $50, the lowest value placed upon the feed mill by any witness. Obviously the theory of the court below was that the jury was bound by this opinion evidence, therefore that the plaintiff was entitled to at least $50 damages. The opinion evidence was not binding upon the jury. They were at liberty under it to find a lower or higher value than the undisputed evidence showed. Such evidence is not conclusive on the jury. *Moore v. Ellis,* 89 Wis. 108, 61 N. W. 291; *Head v. Hargrave,* 105 U. S. 45; *The Conqueror,* 166 U. S. 110, 17 Sup. Ct. 510. The record shows that the defendant placed the value of the feed mill at $15 and offered to make such proof, which proof the court ruled out.

It is to be regretted that a case of such small magnitude cannot be finally disposed of on this appeal, but we are forced to the conclusion upon well established principles of law that the errors complained of were prejudicial, therefore we cannot affirm the judgment.

It is deemed advisable in view of the small amount involved that further litigation be avoided as far as possible. We have therefore concluded to give the plaintiff the option to take judgment for $15, the value placed upon the feed mill by defendant, and in case such option be not accepted that a new trial be ordered.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with instructions that if plaintiff within twenty days from notice of filing *remittitur* serve and file a consent in writing to take judgment for $15, with costs, judgment be so entered; otherwise a new trial is granted.