[No. 14829.    Department One.    June 27, 1918.]

GEORGE M. TERRILL, *Appellant*, v. D. S. FOTHERINGHAM, *as Executor etc., Respondent*.[1]

DEPOSITIONS—EXPERTS — NUMBER OF WITNESSES — DISCRETION.    It is within the discretion of the trial court to limit the number of medical experts whose depositions were to be taken to prove the value of medical services.

EVIDENCE—EXPERTS—VALUE OF SERVICES—EVIDENCE — ADMISSIBILITY.    Upon an issue as to the value of medical services performed in San Francisco, it is admissible for medical experts of Seattle to testify as to the care and attention required in a disease known of all physicians.

APPEAL—REVIEW—HARMLESS ERROR.    In an action for medical services tried to the court, error in allowing witnesses to testify as to the value is harmless.

Appeal by plaintiff from a judgment of the superior court for King county, Ronald, J., entered January 7, 1918, upon findings in favor of the plaintiff, in an action for services performed by a physician, tried to the court.    Affirmed.

*J. Henry Denning, C. Dell Floyd,* and *Warren H. Lewis,* for appellant.

*Wettrick & Wettrick,* for respondent.

MITCHELL, J.—William Allen Mears, deceased, was a resident of Seattle, and during his last illness went to San Francisco, where he received the professional services of his friend, Dr. George M. Terrill.    The doctor sued the executor of the Mears' estate on account of services, which consisted not of unit prices, but an aggregate sum, and not being satisfied with the amount the trial court allowed, appeals.    The trial was without

[1]Reported in 173 Pac. 748.

a jury, and there is no dispute as to the facts or findings, except as to the value of the services.

Appellant applied for a commission to take the depositions of five physicians in San Francisco as to the value of the services. The court refused except for three, other than appellant, and this is assigned as error. It is apparent that this is a matter within the discretion of the trial court with reference to something that is neither exact nor scientific. It possesses no element of knowledge, but consists of pure opinion. Such expert evidence, even if uncontradicted, is not conclusive, but merely advisory—only a guide. *Swope v. Seattle*, 36 Wash. 113, 78 Pac. 607; *Moore v. Ellis*, 89 Wis. 108, 61 N. W. 291; *Ewing v. Goode*, 78 Fed. 442.

In this connection, it may be noticed that, as against these three, there were two witnesses for the respondent. Two physicians of Seattle testified for respondent, and this is charged as error, on the theory that a physician residing elsewhere than San Francisco was not qualified to testify, since the services were rendered there. Whatever may be the general rule in this regard is not controlling here, for an understanding of the nature and kind of the disease, known of by all physicians in respect to the care and attention it exacts from the attending physician, could with ease be and was testified to by these two physicians, thus being of help to the court in weighing and appropriating the advisory testimony of all as to the value of the services —the ultimate concern of the court. If, in testifying, they, who must have some general idea of such values, do express themselves as to the amount, how shall it be well claimed as error, for at most it would in this respect be only immaterial, a quality which, in cases tried to the court, will find no reflection in the judgment reached. There was no mistake of law by the court in

the trial, while as to the amount allowed, we are quite convinced it is liberal.

Affirmed.

Main, C. J., Fullerton, Parker, and Tolman, JJ., concur.