# HELENA ADJUSTMENT CO., Appellant, v. PREDIVICH ET AL., Respondents.

(No. 7,274.)

(Submitted November 9, 1934.  Decided November 24, 1934.)

[37 Pac. (2d) 651.]

*Mr. C. A. Spaulding,* for Appellant, submitted an original and a reply brief, and argued the cause orally.

*Mr. Harry Meyer,* for Respondent, submitted an original and supplemental briefs, and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

This is an appeal from an order changing place of trial. Plaintiff brought the action in Lewis and Clark county, and at the time of filing the complaint a writ of attachment was issued. On November 10, 1933, defendants filed with the clerk

of the court of that county a written exception to the sufficiency of the sureties on the undertaking for attachment. On November 16, 1933, defendants filed a demurrer, motion for change of venue, affidavit of merits, and a demand for the change of place of trial. On November 22 thereafter plaintiff filed a motion to strike defendants' motion, affidavit and demand for change of place of trial, together with notice of hearing the same. The motion was supported by an affidavit reciting that on November 16, 1933, the plaintiff received at the postoffice in Helena, Montana, in an envelope addressed to plaintiff, copies of the papers filed by the defendants on November 16; that the postage on this envelope was not fully prepaid, and that the president of the plaintiff company was obliged to, and did, pay the sum of three cents due on the letter. The ground of the motion to strike was that the papers in connection with defendants' motion for change of venue were never legally served on plaintiff, and that defendants, by excepting to the sufficiency of the sureties, appeared and thereby waived the right to demand a change of venue.

The trial court denied the motion to strike on December 27, 1933. On January 26, 1934, the motion to strike was resubmitted to the trial court and by it denied. Thereafter, on January 30, 1934, the motion for change of place of trial was heard, and the court made and caused to be entered an order granting the motion. A bill of exceptions was prepared and served on February 7, 1934. No amendments to the bill were proposed, and on February 20, 1934, the bill was settled.

Defendants have moved to dismiss this appeal on various grounds. The first ground of the motion is that no appeal has been taken from the order denying the motion to strike the motion for change of venue from the files, and that no appeal lies from the order denying the motion to strike. It is argued that much of appellant's brief is directed to the alleged error of the court in denying this motion.

The enumeration of the judgments and orders from which an appeal may be perfected to this court is found in

section 9732, Revised Codes 1921, as amended by Chapter 39, Laws of 1925. True, no mention is there made of an appeal from an order denying a motion to strike. However, by the terms of this section an appeal may be perfected from an order changing a place of trial. The notice of appeal in this case specifies that the appeal is from such order. The mere fact that plaintiff is its brief discusses the ruling of the court on the motion to strike—which is a nonappealable order—is no ground for the dismissal of this appeal when it appears that it is perfected from an appealable order.

It is urged on a number of grounds in this motion that the appeal should be dismissed by reason of the fact that all the papers, after the entry of the order changing the place of trial, were transmitted to the district court of Silver Bow county, and, the notice of appeal and undertaking on appeal being filed in the district court of Lewis and Clark county, that the latter court had lost jurisdiction, and the appeal, therefore, is abortive.

An appeal is taken by filing a notice of appeal with the clerk of the court in which the order appealed from is entered. (Sec. 9733, Rev. Codes 1921.) The undertaking on appeal is likewise by the command of the statute to be filed in the same place. (Sec. 9734.)

Other grounds of the motion are that no bill of exceptions was signed and settled within the time allowed by law as to the order granting the motion for change of venue, and that it was settled without notice to defendants. The party desiring to have a bill of exceptions settled is required by section 9390, Revised Codes 1921, within fifteen days after notice of entry of the order from which the appeal is taken, to prepare and serve upon the adverse party his proposed bill of exceptions, unless this time is extended by court order. The bill in this case was prepared and served well within that time. By the terms of section 9390, after the bill is served, ten days are allowed within which the adverse party may prepare and serve upon the proponent of the bill amendments, if any. Thereafter, if no amendments are served within the

time, or, if any, they are accepted, the proposed bill may be presented with the amendments for settlement without notice to the adverse party. So reads the statute, section 9390, supra, and the plaintiff in this case complied with these provisions.

Lastly it is urged that the plaintiff, by participating in certain proceedings had subsequent to the transfer of the action to the district court of Silver Bow county, waived the right of appeal. In support of this ground of the motion certain minute entries and a copy of the register of actions of the district court of the latter county are certified to this court. We will assume, without deciding, that these certified copies are properly before us in this proceeding. The only participation in the proceedings thereby revealed on the part of the plaintiff, is that it appeared and resisted a motion to discharge the attachment. It is also recited that the court overruled the demurrer of the defendants, but without any appearance on the part of the plaintiff in open court.

A party does not waive his right to challenge the jurisdiction of the court by participating in proceedings instigated by his adversary, where all he does is to seek to prevent the loss of a right. (See generally, *State ex rel. Bonners Ferry L. Co.* v. *District Court*, 74 Mont. 338, 240 Pac. 388.)

Other proceedings occurring in the district court of Silver Bow county after the perfection of the appeal, disclosed by these certified copies, may not now be considered, as the appellant has a right to stand upon the record as made without losing any of his rights in this court by reason of matters outside the record. (*Stewart* v. *First Nat. Bank & Trust Co.*, 93 Mont. 390, 18 Pac. (2d) 801.) The motion to dismiss the appeal is denied.

Plaintiff argues that the defendants waived their right to demand a change of place of trial by filing the exception to the sufficiency of the sureties on the undertaking for attachment. This instrument was filed some days prior to the filing of the other papers. This court in the case of *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602,

172 Pac. 1030, said: "It is true that the motion, to be available on the ground that the action has not been commenced in the proper county must be made by the defendant upon his first appearance." Plaintiff, basing its argument upon the quoted statement, attempts to demonstrate that the filing of the exception to the sufficiency of the sureties was an appearance, and, therefore, a waiver ensued. Chief Justice Brantly, the author of the opinion in the above-cited case, cited section 6505, Revised Codes of 1907, now section 9097, Revised Codes of 1921, wherein it is provided that "if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing, that the trial be had in the proper county."

Section 9259, Revised Codes 1921, provides that within five days after the service of summons the defendants may except to the sufficiency of the sureties, and if no exception is so made, all exceptions to them are waived; whereas the summons in all civil actions allows the defendant twenty days within which to demur or answer after service. (Sec. 9107, Id.) Section 6505, now 9097, cited in the opinion in the *Interstate Lumber Co. Case*, clearly specifies that the demand for change of place of trial must be made at the time of appearance and the filing of an answer or demurrer.

The statute does not require a defendant, at the time of his first appearance, to take the statutory steps to secure a change of place of trial, if any of the pleadings mentioned thereon are not then filed. Until a demurrer or answer is filed, no issue of law or fact is raised—no issue is joined for the court to try. (Secs. 9323–9327, incl., Rev. Codes 1921.) Unless some issue is raised, there can be no trial; and if no trial, no place of trial. The statement from the case of *State ex rel. Interstate Lumber Co.* v. *District Court*, supra, is to be read in the light of the statute there cited.

Since at the time the defendants in this case demurred, they filed the necessary demand and other papers, the filing

of the exception to the sureties on the undertaking for attachment, whether it be deemed an appearance or not, is of no importance in the solution of this controversy.

Plaintiff argues that the motion to strike should have been ▆▆▆ sustained, because the copies of the various moving papers were not legally served upon it. Service of pleadings, notices and other papers may be made by mail where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is regular communication by mail. (Sec. 9780, Revised Codes 1921.) In case of service by mail, the paper to be served must be deposited in the postoffice, addressed to the person on whom it is to be served at his office or place of residence, and postage. paid. (Sec. 9781.) If compliance is had with these provisions, the service is complete at the time of the deposit. (Sec. 9781; *Batchoff* v. *Butte Pacific Copper Co.*, 60 Mont. 179, 198 Pac. 132.) The only defect in the service here was that, when the letter reached the postoffice at Helena, the postage thereon was insufficient, and the plaintiff was required to pay three cents additional postage in order to secure the letter, which it paid.

The proper practice in the case of an unauthorized motion is to strike it from the files. (*People* v. *Center*, 61 Cal. 191; *Andersen* v. *Superior Court*, 187 Cal. 95, 200 Pac. 963.) In ▆▆ *Anonymous*, 19 Wend. 85, it is said: "An attorney is not bound to take a letter from the post office charged with postage though he has reason to believe it contains law papers and the effect of his omission is a default of his adversary." An attorney is not bound to take papers from the postoffice served on him, where the letter is charged with postage. (*Woods* v. *Hartshorn*, 2 How. Pr. 71.)

Plaintiff could have refused the letter, and, without question, the service would have been incomplete; but apparently it retained the letter and its contents after paying the postage, as the record is silent as to any offer or attempt to return the contents of the letter.

The purpose of the service of notices and papers in court proceedings is to advise parties or their attorneys of their contents. In the case of *Germania Life Ins. Co.* v. *Powell,* 29 Misc. 424, 61 N. Y. Supp. 942, it is written: "The second objection is that the notice of trial was served by mail, without sufficient postage. This assertion is disputed by the plaintiff; but, even if it be true, the irregularity was waived by the defendant's acceptance of the notice, and failure to return the same." It is generally held under statutes similar to our own permitting the service of notices and pleadings by mail, that where a party proposes to treat a pleading or notice served as a nullity because of a defect in the service or as having been served without time, the irregularity will be deemed waived, unless the paper, pleading or notice be promptly returned. (*Levi* v. *Jakeways,* 4 How. Pr. 126; *Smith* v. *Mulliken,* 2 Minn. 273; *Clyde* v. *Johnson,* 4 N. D. 92, 58 N. W. 512; *Moore* v. *Ellis,* 89 Wis. 108, 61 N. W. 291; *Pritchard* v. *Huntington,* 16 Wis. 593; *Rogers* v. *Rockwood,* 59 Hun, 628, 13 N. Y. Supp. 939; *Boykins Buggy Co.* v. *Lightsey,* 102 S. C. 283, 86 S. W. 639.)

Plaintiff, by the retention of these papers and the failure to return them, waived all objection to the defect in the service. This being the only ground urged for the denial of the motion for the change of place of trial, the district court correctly denied the motion to strike and properly granted the order changing the place of trial.

The order appealed from is affirmed.

Mr. Chief Justice Callaway and Associate Justices Matthews and Stewart concur.

Mr. Justice Angstman: I concur in the result reached in the foregoing opinion, but not with all that is said in it. I do not agree that under the laws of this state a person cannot take advantage of a defective service of papers without returning them. A motion to quash service of process, or to set aside service of papers, is often made and sustained

without a return of the process or papers attempted to be served.

I agree that proper service of papers may be waived, but I do not agree that there is a waiver by the mere retention of the papers, when proper objection is made to the service.

I think the correct result has been reached in the opinion of Mr. Justice Anderson, because I think plaintiff did not pursue the correct method in objecting to the attempted service of the moving papers. Plaintiff attempted to raise the objection by motion to strike the moving papers from the files; this, I think was not proper. I agree that unauthorized papers may be stricken from the files, as stated in the majority opinion. But the papers here sought to be stricken were not unauthorized; they were properly filed. They need not be served at the same time of filing. (Sec. 9097, Rev. Codes 1921, and sec. 9774, Id.)

The motion, affidavit and demand for change of venue being properly filed, were not subject to being stricken from the files for want of proper service so long as there was not an abandonment of the motion for want of its diligent prosecution; no abandonment was shown here.

The court, I think, properly declined to strike the papers from the files. This was the only relief sought by plaintiff, and, since it was properly denied and since I agree with the rest of the majority opinion, I think the order should be affirmed.

Rehearing denied January 4, 1935, MR. JUSTICE ANGSTMAN dissenting.